David McConneaughey

*v.*

Charles Bogardus *et al.*

*Filed at Springfield March 29, 1883.*

1. Sale under power in mortgage—*in a county other than that in which the premises are situate—as to mortgages executed before the statute on that subject took effect.* The 14th section of chapter 95, Rev. Stat. 1874, entitled "Mortgages," which provides that no sale of real estate under a power of sale in any mortgage, or trust deed in the nature of a mortgage, shall be made except in the county in which the premises are situated, has reference only to mortgages, or trust deeds in the nature of mortgages, "executed after the taking effect" of that act. Hence a mortgage executed before the passage of that act authorizing a sale in a different county from that in which the land is situated, upon notice, for a default of payment, is not affected by it, and such a sale is valid.

2. Where a power of sale was given in a mortgage which was executed and delivered before the act of 1874 took effect, and the time of payment was extended by mutual agreement from year to year, until after that act went into effect, such extension will not bring the mortgage within the act, so as to preclude a sale under a power therein from being made in a different county from that in which the land is located.

21—106 Ill.

3.   SAME—*whether a sale is made for cash—giving a check for the pur-
chase price.*   A sale of mortgaged premises under a power to sell for cash is
satisfied by a sale, where the purchaser at the sale gives his check for the
price bid by him, which would have been paid if presented.   What the
parties do with the check afterward is no concern of the purchaser, or any
one holding under him.

APPEAL from the Circuit Court of Ford county; the Hon.
OWEN T. REEVES, Judge, presiding.

Mr. CALVIN H. FREW, for the appellant:

By the extension of the time of payment the deed of trust
was brought within the provisions of section 14, chapter 95,
of the Revised Statutes.   The trustee was empowered to sell
for cash only, and had no power to accept a check on a bank.
The terms of the power must be strictly pursued.   2 Wash-
burn on Real Prop. 73, 78, 79, 81; 2 Jones on Mortgages,
secs. 1778, 1772, 1822.

Mr. A. SAMPLE, and Mr. C. H. WOOD, for the appellees:

There was no agreement to extend the time of payment, as
alleged in the bill.

The trustee's or mortgagee's deed relates back to the exe-
cution of the mortgage.   *Farrar* v. *Payne,* 73 Ill. 82.

The sale was made for cash, as the check was good for the
money.   It is no objection that the requirement to sell for
cash has not been literally complied with where no injury is
done to the mortgagor.   2 Jones on Mortgages, 1868; *Bal-
langer* v. *Bourland,* 87 Ill. 513.

If there had been an extension of the time of payment
on the note, it could in no manner affect or change the mort-
gage.

A mere postponement could not extinguish the power of
sale.   To hold otherwise would violate that canon which for-
bids a retrospective effect to be given to statutes, unless that
intention is manifested by the most clear and unequivocal

expressions. *In re Fuller,* 77 Ill. 99; *People* v. *Mathers,* 95 id. 109; *People* v. *Peacock,* 98 id. 172; *United States Mortgage Co.* v. *Gross,* 93 id. 483.

Mr. Chief Justice Scott delivered the opinion of the Court:

On the 1st day of September, 1868, Alexander H. Hanley, and Elizabeth K. Hanley, his wife, made and delivered to Selwin Easton and J. Lester Easton their mortgage deed, conveying to them a tract of land therein described, to secure indebtedness of Hanley to them, which was evidenced by certain notes therein described. A portion of the indebtedness secured was paid, and a part of the mortgage security was released. The interest on the remainder of the indebtedness was paid from time to time for several years after it became due, and no effort seems to have been made to foreclose the mortgage.

Subsequently, the note secured by the mortgage was assigned to and delivered to Charles B. Hosmer, and the same not having been paid, he advertised the property for sale under the power contained in the mortgage, and on the 20th day of October, 1879, he sold the property to Anson W. Jenks, who afterward conveyed it to defendant Charles Bogardus. Soon after the property was sold under the mortgage, David McConneaughey, claiming to be the owner of the equity of redemption that was in Alexander H. Hanley, gave notice of his intention to contest the validity of the sale, and by his attorney offered to pay to Hosmer the full amount of the Hanley indebtedness, with interest thereon, and that being refused, he brought his bill to set aside the mortgagee's deed to Jenks, and the latter's deed for the same property to Bogardus, and for leave to redeem the property by paying the balance of the mortgage indebtedness remaining unpaid. The circuit court dismissed the original and amended bills, and complainant brings the case to this court on appeal.

The mortgage provided that in case default should be made the property might be sold in the city of Chicago, after giving twenty days' notice of the time and place of sale. That was done. The land embraced in the mortgage is situated in Ford county, and it is insisted in argument that since the passage of the act of 1874, in relation to foreclosing real estate mortgages under a power of sale, it was not legal to sell the property elsewhere than in the county where the land is situated. On turning to that act, section 14, chapter 95, Rev. Stat. 1874, it will be seen it has reference only to mortgages, or trust deeds in the nature of mortgages, "executed after the taking effect" of the act. The mortgage in this case was executed long before the passage of the act of 1874, and of course it is not within its terms, and is not affected by it. But it is insisted, as the time for the payment of the mortgage indebtedness was extended by mutual agreement from year to year, until the act of 1874 took effect, that fact brought this mortgage within the operation of the statute, and no sale could legally be made under it, except in the county where the land is situated. This position has nothing in its support. The power of sale contained in the mortgage was a valid contract when made, and the mere fact the time for the payment of the mortgage indebtedness was extended from time to time, did not render it invalid. It was a power coupled with an interest in the property itself, and it is apprehended nothing but payment of the indebtedness secured could render it inoperative.

Another irregularity insisted upon is, that the property was not sold for cash, as the mortgage provided it should be. It is certain it was not sold on a credit. The purchaser at the sale gave his check on a bank for the amount of his bid. It is in proof the check was good. The money could have been had on it at any moment, and that is equivalent to selling for cash. What the parties did with the check after-

wards, or with the proceeds, if anything, was no concern of the purchaser, or of any one holding under him. There was no agreement the check should not be presented for payment. The holder was at liberty to present it at any time, and had he done so the proof is it would have been promptly paid.

But it is said complainant paid the interest, on March 3, 1879, on the balance of the principal, with the distinct understanding the time for payment of the unpaid principal should be extended for another year, and it was therefore unlawful for the mortgagee to sell the property, as he did, before the expiration of that period. There is no satisfactory evidence in the record of any extension of the time for the payment of the principal after the 3d of March, 1879. On the receipt of the $230, sent, perhaps, on the 3d of March, 1879, Hosmer wrote to complainant that the interest on the Hanley loan was paid to January 1, 1879, and in the same letter said, "We should, personally, have been willing to give another year's time, but this matter is in our hands only as agents." It does not appear the testimony of complainant was taken, and there is no denial by the testimony that he did not receive Hosmer's letter informing him no extension of the time of payment would be allowed. The sale was not made until October thereafter, and complainant was given ample time in which to have made arrangements to redeem the land from the mortgage indebtedness. That he did not do when he had the legal right to do so, and it is now too late.

The decree of the circuit court will be affirmed.

*Decree affirmed.*