# Dunton *v.* Keel.

*Statutory Action in nature of Ejectment.*

1. *Exclusion of deed as evidence, or record thereof; presumption in favor of judgment.*—When a deed is offered in evidence, or the record thereof, and is excluded, but the ground of objection is not stated, and the paper itself is not set out in the bill of exceptions, this court will presume that it was properly excluded

2. *Proof of title under mortgage.*—When the defendant in ejectment claims under a conveyance from a mortgagee of the plaintiff, but fails to produce his deed, or otherwise connect himself with the mortgagee's title, he can not complain of the exclusion of the mortgage as evidence.

[Dunton v. Keel.]

3. *Proof of identity of lands sued for; general charge on evidence.* When the lands sued for are described in the complaint only by their government numbers and subdivisions, and, the plaintiff producing no paper title, his witnesses testify to his prior possession of "the upper place" and "the lower place," not identifying them as the lands sued for, the court is not authorized to give the general charge in his favor, although no objection was made by the defendant to the relevancy or sufficiency of the evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Moses B. Keel, to recover the possession of a tract of land containing 480 acres, which was described in the complaint by its government numbers, being subdivisions of sections 17, 32, and 33, in township four (4), range three (3) east, in Jackson county; and was commenced on the 21st July, 1890. F. W. Dunton intervened as the landlord of the tenants in possession, and defended the suit on his own title, issue being joined on the plea of not guilty. On the trial, the plaintiff reserved a bill of exceptions, in which the facts are thus stated:

"The plaintiff introduced R. L. Butler as a witness, who testified that he had known plaintiff six or seven years; that plaintiff was in possession of the upper place, from the time witness first knew him until defendant entered, and had been in possession of the lower place ever since he bought the same from Silas Kennamer four or five years ago. Plaintiff then introduced John Wilson as a witness, who testified, that plaintiff had been in possession of the upper place about fifteen years, and of the lower place four or five years; that he got the lower place from Silas Kennamer, part of the upper place from the widow M., and the other part from his (plaintiff's) father's estate. Witness did not know what was the reasonable rental value of the lands; had heard that Jenkins paid about $300 rent for the upper place; did not know the rental value of the lower place; that the annual rent of the upper place was worth $300, but he did not know what the lower place was worth. Defendant then offered in evidence the record of a deed to him from the *American Mortgage Company of Scotland, Limited.* Plaintiff objected to said record as evidence; which objection the court sustained, and the defendant excepted. Defendant offered in evidence, also, the record of a mortgage executed by plaintiff to said *American Mortgage Company of Scotland,* which is in book of mortgages No. 14, pp. 531–34, and is as follows," setting it out: "Plaintiff objected to said record as evidence, and moved to exclude the same. There-

[Dunton v. Keel.]

upon, defendant's counsel stated to the court that defendant claimed through said mortgage, under a deed the record of which was offered above, and that the original mortgage was not in the custody or control of the defendant. The court sustained the objection, and excluded the record of said mortgage; and defendant excepted. This being all the evidence, the court charged the jury, on request, that they must find a verdict for the plaintiff, if they believed the evidence." The defendant excepted to this charge, and he here assigns it as error, together with the rulings on evidence above stated.

MARTIN & BOULDIN, for appellant.—(1.) The record of the mortgage was improperly excluded as evidence. It was a necessary link, in fact the first link, in the chain of the defendant's title; and he could not make out his defense without it. It was not in his possession, but was presumptively in the possession of the mortgagee.—*Florence Land Co. v. Warren,* 91 Ala. 533. The record was legal evidence of the mortgage itself.—Code, § 1798; *White v. Hutchings,* 40 Ala. 253; *Huckabee v. Sheppard,* 75 Ala. 342. (2.) There was no evidence identifying the "upper place" and the "lower place," mentioned by the witnesses, as the lands sued for, nor even showing that they were in Jackson county. The evidence, for this reason, did not authorize the general charge.—*Acklen v. Hickman,* 60 Ala. 568; cases cited in 1 Brick. Digest, 871-2, §§ 964-5; 3 *Ib.* 434, §§ 405, 411-12, 414, 417.

J. E. BROWN, *contra.*—(1.) The record of the deed was properly excluded as evidence, because the absence of the deed itself was not accounted for; and the record of the mortgage was properly excluded, because the plaintiff did not connect himself with it.—47 Ala. 175, 637. (2.) The lands were described in the complaint by their government numbers and subdivisions; and they consist, as this court must judicially know, of two tracts of 240 acres each, located on the river, and two miles apart.—*Mooney v. Turnipseed,* 50 Ala. 499; *Walker v. Allen,* 72 Ala. 455. The complaint was before the jury, and the testimony was referable to it. If the "upper place" and the "lower place," mentioned by the witnesses, were not the lands sued for, the evidence was entirely irrelevant; and its relevancy was admitted by the failure to object to it.

11

[Dunton v. Keel.]

WALKER, J.—This is a statutory action in the nature of ejectment for the recovery of the possession of land and damages for the detention thereof. The plaintiff undertook to sustain his case by proof of prior actual possession under a claim of ownership. The defendant offered in evidence the record of a deed to himself from the American Mortgage Company of Scotland, Limited, and also the record of a mortgage from the plaintiff and his wife to that company. In offering the record of the mortgage the defendant's counsel stated that he claimed through said mortgage under the deed which had been already offered in evidence. On objection interposed by the plaintiff, the court excluded the records of both the deed and the mortgage. The record of the deed which was excluded is not copied in the bill of exceptions. We are not informed in any way of its contents, nor does the record disclose upon what ground it was excluded. In the absence of any showing to the contrary, we must presume that it was properly excluded.—*Hutcheson v. Powell*, 92 Ala. 619; *Beadle v. Davidson*, 75 Ala. 494.

The exclusion of the deed left the defendant in the position of failing to connect himself with the title under which he claimed. The deed was the link connecting him with the title conveyed by the mortgage. The defendant could not set up the outstanding title of the mortgage without connecting himself with it (*Allen v. Kellam*, 69 Ala. 442), and could not be injured by the exclusion of a mortgage to a third party standing in no relation of privity with him. His privity with the mortgagee, or the title conveyed by the mortgage, was proposed to be shown only by the deed, the proof of which had already been rejected, and properly so, we must presume. The mortgage, without the deed, would not tend to show the record title under which defendant proposed to hold the land, and no injury could result to him from the exclusion of the mortgage alone, as he failed in the proof of the deed. For this reason there can not be a reversal because of that ruling, however insufficient may have been the grounds suggested in support of it.

The complaint describes the lands sued for only by the numbers of section, township and range. The plaintiff offered evidence only as to his prior possession of "the upper place" and "the lower place," and as to the rental value thereof. All the evidence is set out in the bill of exceptions, and we find nothing at all in the record tending to show that the lands referred to by the witnesses are the identical lands described in the complaint. The witnesses

[Cheney v. Kelly & Smith.]

do not in any way locate the lands of which the speak. It is not made to appear that there is any correspondence between the proof and the plaintiff's pleading. For aught that appears the testimony may have referred to other lands than those sued for. It certainly can not be affirmed that the proof clearly showed that the plaintiff was entitled to, or had had prior possession of the land described in the complaint. The Circuit Court erred in giving the general charge in favor of the plaintiff. To say the least of it, the evidence was not sufficiently clear and free from doubt to warrant that charge.—*Tabler v. Sheffield Land, Iron & Coal Co.*, 87 Ala. 305 ; *Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co.*, 81 Ala. 329.

　　Reversed and remanded.