# Glass v. Tisdale.

*Bill in Equity to enforce Landlord's Lien.*

1. *Landlord's lien not superior to lien of mortgage given on property prior to tenancy.*—Where before the commencement of the term of a lease, and, therefore, before the landlord's lien attached, the tenant purchased goods, furniture and effects, and to secure the payment of the purchase money executed a mortgage to the vendor upon said property which was subsequently used by the tenant on the rented premises during the tenancy, the lien upon such property given the landlord for his rent by the statute (Code, § 3069), is subordinate to the lien of the mortgagee under the mortgage.

2. *Mortgage executed to secure payment of purchase money of goods not fraudulent as to creditors of purchaser and mortgagor.*—A mortgage given by a purchaser to secure the payment of the purchase money of the property conveyed in the mortgage, and executed as a part of the transaction of purchase, is not fraudulent and void as to the creditors of the purchaser and mortgagor.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. WILLIAM H. TAYLOE.

[Glass v. Tisdale.]

The appellant, Mattie P. Glass, filed this bill asserting a rent claim against Eanes & Peterson, for the rent of the property in the city of Selma, known as the St. James Hotel, and she seeks as landlord to fasten a landlord's lien on certain furniture and other personal property alleged to have been kept in said hotel, and which is averred was removed therefrom by the appellee, Tisdale, who is made the defendant to the bill. The facts as averred in the bill are substantially as follows: The complainant Glass leased the hotel property to the defendant, W. H. Tisdale, for a term of two years from December 31, 1889. On November 24, 1891, the complainant leased said building to Eanes & Peterson for a term of three years beginning at the expiration of the Tisdale lease, to-wit, December 31, 1891. In November, 1891, Tisdale being then in possession of the leased property, assigned his leasehold interest in the unexpired term to Eanes & Peterson, and Eanes & Peterson went into possession of the property, and at the same time Tisdale sold to them all of his hotel furniture, kitchen furniture and his stock of liquors and tobacco then in said building, and to secure the price thereof, Eanes & Peterson executed a mortgage back upon the property to the said Tisdale. The property was delivered to them, Eanes & Peterson, who occupied and operated the hotel until June, 1892, when they sub-let the property to said Tisdale until January 1, 1893, and delivered to him the property, and at the same time Tisdale repurchased the personal property which he sold to Eanes & Peterson, and which was conveyed in their mortgage to him. It was averred in the bill that the property which was conveyed in the mortgage and repurchased by Tisdale was, in some way unknown to the complainant, removed from the hotel building.

The prayer of the bill was for a discovery as to the location and description of the property which was formerly in the hotel, and that the complainant be declared to have a landlord's lien on said property, and that it be sold in satisfaction of her claim for rent.

The defendant demurred to the bill, among others, upon the ground that it is shown by the bill that the defendant Tisdale had a right to the property superior to the asserted claim of complainant. The court sustained the defendant's demurrer, and from this decree the pre-

[Glass v. Tisdale.]

sent appeal is prosecuted, and the same is here assigned as error.

W. S. THORINGTON and JOHN M. CHILTON, for appellant.—1. The statute under which the complainant seeks to enforce a lien upon property in possession of the defendant provides that the landlord's lien shall be superior to all other liens except those for taxes. If the landlord had already acquired a lien on the property for the rent, it could not be displaced by a sale of such property by the tenant.—*Abraham v. Nicrosi*, 87 Ala. 176. To give this statute any effect which it would not otherwise have it must be construed to give the landlord a lien on the tenant's property although there was at the commencement of the tenancy a mortgage upon said property.—Code, § 3069; *Abraham v. Nicrosi*, 87 Ala. 176; *Ex parte Barnes*, 84 Ala. 540; *Dunlap v. Steele*, 80 Ala. 428; *McClester v. Summerville*, 54 Ala. 674; *Stern v. Simpson*, 62 Ala. 195; *Kelly v. Eyster*, 102 Ala. 325; *Lomax v. LeGrand*, 60 Ala. 537.

2. The mortgage to the defendant of the stock of liquor &c. was constructively fraudulent. This has been expressly settled by the opinion of this court.—*Benedict v. Renfro Bros.*, 75 Ala. 121.

MALLORY & McLEOD, *contra*.

COLEMAN, J.—Section 3069 of the Code is as follows: "The landlord of any storehouse, dwelling house or other building, shall have a lien on the goods, furniture and effects, belonging to the tenant, for his rent, which shall be superior to all other liens, except those for taxes." The paramount question in the case is, whether the lien provided in the foregoing statute in favor of landlords has priority over a mortgagee who sold "goods, furniture and effects" to the mortgagor and took a mortgage upon the property to secure the payment of the purchase money, and which was fully executed before the landlord's lien had attached. The complainant, Mrs. Glass, being the owner of the St. James Hotel, leased the same to Tisdale. A short time before the expiration of his term, she leased the property to other parties for a term of three years, to begin after the expiration of the lease to Tisdale. After the lease to these parties had

been executed, but before the termination of his own lease, Tisdale sold the hotel furniture &c. to the lessees who were to succeed him, but took a mortgage from them on the property, to secure the payment of the purchase money. The mortgagors subsequently sold and delivered the property to their mortgagee leaving unpaid a balance due Mrs. Glass for rent. There was no lien on the property because of any liability of Tisdale. The bill shows that there was no period when the landlord's lien could have attached to the displacement of Tisdale's superior lien. The mortgage was taken at the time of the sale to secure the purchase money. It passed out of Tisdale and back to him at the same time and as a part of the same transaction. Such a transaction as to the rights of the parties, is very similar to that of a conditional sale, the vendor reserving the legal title as a security for the purchase money. The purchaser only acquired an equity.—*Bingham v. Vandergrift*, 93 Ala. 283. In such a transaction we have held that the lien of the landlord was subject to the title of the vendor. *Bingham v. Vandergrift, supra.*

We further held that a mortgage executed in pursuance of the contract of sale, to secure the purchase money, is not fraudulent and void as to the creditors of the purchaser and mortgagor.—*Adkins v. Bynum,* 19 So. Rep. 400. The former opinion written in this case is withdrawn and this substituted in its stead. We adhere to the conclusion reached in our former opinion, and the motion for a new trial must be overruled.

Affirmed.