W. D. McIVER v. D. W. SMITH, et al.

*Mortgagor and Mortgagee—Sale Under Power—Notice to Purchaser of Equity of Redemption—Practice—Burden of Proof.*

1. In an action between the purchaser of a mortgagor's equity of redemption and a purchaser at a sale under the mortgage, for an accounting, &c., the plaintiff is not entitled to judgment upon complaint and answer where the answer avers that at the time of the sale there was an amount due on the notes secured by the mortgage equal to the amount bid by the purchaser at such sale.

2. In an action brought by the purchaser of a mortgagor's equity of redemption against a purchaser at the mortgagee's sale, for accounting and to be allowed to redeem, because of the invalidity of the sale, &c., the burden is on the plaintiff to show that at the time of the sale there was nothing due on the mortgage.

3. A mortgage is a contract and the parties may affix such terms and conditions as they see fit, provided creditors or others interested at the time are not affected thereby.

4. The purchaser of a mortgagor's equity of redemption is not entitled to personal notice of a sale under the power contained in the mortgage where the mortgage simply authorizes a sale " after advertising " in case of default.

5. In the trial of such action, hearsay evidence as to the value of the land is inadmissible.

CIVIL ACTION, tried before *Bryan, J.*, and a jury, at May Special Term, 1895, of CRAVEN Superior Court. There was a verdict for the defendant, and from the judgment thereon plaintiff appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. W. D. McIver*, for plaintiff (appellant).
*Mr. W. W. Clark*, for defendant.

FAIRCLOTH, C. J.: On May 10, 1890, the defendants, Smith and wife, executed a mortgage to Nancy Coward on the land in controversy to secure several notes mentioned

therein, falling due on January 1, 1891, 2, 3 & 4 with power of sale in case of default in payment of either bond or any part thereof. Subsequently, judgments were entered against said Smith and under executions issued thereon the sheriff sold the land and the plaintiff became the pur-chaser, and brings this action on June 30, 1894.

On January 16, 1893, the mortgagee sold the land under the power in the mortgage, and under that sale the defend-ants claim title. Thus the plaintiff acquired the mort-gagor's equity of redemption, subject to the mortgage debt, and if he had discharged that debt he w uld have had the legal estate and a complete title.

At the outset on the trial, the plaintiff moved for judg-ment on the complaint and answer. This motion was in legal contemplation a demurrer to the answer in which, among other things, it is averred that the amount of the mortgage debt, due at the mortgagee's sale, was $450, and the cost and expense of sale. Upon this admission, the plaintiff was not entitled to judgment on the complaint and answer, and his motion for judgment *non obstante veredicto* was equally untenable.

The plaintiff alleged that at the time of the mortgage sale nothing was due on the mortgage debt, and this is denied by the answer. How that fact was neither party undertook to show, and we cannot see from the record how it was. The discrepancy between the amount of the last notes, not then due on their face, but which had become so by the default, as averred, and the amount averred to be due, for which the sale was made, may or may not be explained on the ground of credits. The record fails to explain it. The burden of showing that the mortgage de t had been paid was upon the plaintiff, on the trial.

The plaintiff also insists that legal advertisement of the mortgage sale was not made, as it was only posted at the

court house door, and this is denied; except that it was not advertised in a newspaper. The mortgage fails to specify the manner of advertising, but simply says " after advertising " the mortgagee may sell on default, &c. A mortgage is a contract and the parties may affix such terms and conditions as they see fit, provided creditors or others interested at the time are not affected thereby. The registration is notice to all persons who may thereafter become interested.

The plaintiff further says that he had no personal notice of the mortgage sale, and that he was entitled to such notice because he had purchased the equity of redemption, and that the poster at the court house door was not sufficient. The authority relied on in the argument failed to satisfy us that he was entitled to personal notice, and the plaintiff was unable to cite any decision in support of his contention.

The plaintiff also excepts to the exclusion of *hearsay* evidence " relative to the value of said premises, &c. " That exception is overruled.

Judgment Affirmed.