# Stanley *et al. v.* Johnson.

## *Statutory Action of Ejectment.*

1. *Vendor and purchaser; vendor's lien superior to homestead claim.* A lien for the purchase money of land is superior to a claim of homestead; and under the statute (Code of 1886, § 2509), the existence of a homestead claim does not prevent a vendor's lien from attaching.

2. *Same; same; mortgage to secure purchase money.*—Where, in the purchase of land, contemporaneously with the execution of a deed thereto by the vendor, the vendee executes a mortgage upon said land to secure the payment of the purchase money, without ever having been in possession, no homestead interest vested prior to the execution of the mortgage, and it is valid, notwithstanding the wife did not join in its execution; and this is true, although the lands were, subsequent to the execution of the mortgage, occupied as a homestead by the purchaser.

3. *Same; action of ejectment by vendor; title under purchase money mortgage.*—Where, after the execution of a mortgage to his vendor to secure the payment of the purchase money of land, the purchaser occupies the land as a homestead, and subsequently re-conveys the land to the vendor, to satify the mortgage held by him, the mortgage debt having matured, the vendor can maintain ejectment, notwithstanding the deed in satisfaction of the mortgage was void for the want of proper acknowledgment by the wife to convey a homestead.

4. *Action of ejectment by mortgagee; fact that plaintiff had leased the premises no defense.*—In ejectment by a mortgagee after maturity of the mortgage and default in payment, the mortgagor can not defeat recovery by setting up that plaintiff had rented the premises, and was, therefor, not entitled to possession, where defendant's possession was hostile to that of the lessee.

5. *Same; when judgment in ejectment against tenants not binding on landlord.*—A judgment by default in an action of ejectment against tenants is not binding on the landlord of such tenants in a subsequent action of ejectment brought by him against the plaintiff in the former suit, if the landlord had no notice of the prior action and was not a party thereto.

[Stanley *et al.* v. Johnson.]

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, brought by the appellee, Mary A. Johnson, against the appellant, James Stanley and Nelson Kelley. The defendant, James Stanley, was in possession of all the lands, with the exception of five acres, as a tenant of one Pike Martin, and Nelson Kelley was in possession of the five acres referred to, as the tenant of said Pike Martin. As to their respective holdings, the defendants pleaded not guilty.

The plaintiff introduced in evidence the following deeds and conveyances, which conveyed the lands here sued for : A deed from James Kelley to Robert Anderson, dated October, 1874; a deed from Anderson to D. A. McCaskill, dated in 1888 ; a deed from McCaskill to James D. Murphree, dated December 15, 1888 ; a deed from Murphree to McCaskill, dated December 5, 1889 ; a mortgage from McCaskill, with power of sale on default, and with other stipulations as to default, to the plaintiff, Mary W. Johnson. This mortgage was regularly foreclosed under the power of sale contained therein, and the plaintiff became the purchaser and received a deed of conveyance to the lands conveyed therein in September, 1894.

The defendants introduced in evidence a deed to all the lands sued for from Robert Anderson to Pike Martin, dated December 28, 1882, and also a deed from James Kelley to the five acres in possession of the defendant, Nelson Kelley, to Emily Beasley, dated October 26, 1872 ; and also the following deeds conveying the same five acres : One from Emily Beasley to J. A. Beasley, dated January 1, 1889 ; and from J. A. Beasley to W. B. Kelley, dated January 16, 1892.

The plaintiff, in addition, offered a deed to this same five acres from W. B. Kelley to Pike Martin, dated February 15, 1894.

The facts relating to the purchase of the lands from Robert Anderson by Pike Martin and the reconveyance thereof to said Anderson, are stated at length in the opinion.

It was shown by the defendants that in May, 1894, Pike Martin recovered the lands here sued for in an action of ejectment against one A. C. Breedlove, who was

[Stanley *et al.* v. Johnson.]

in possession thereof as a tenant of the plaintiff under a contract for the lease of said land for the year 1894 ; and that after the recovery of this land, the defendants, James Stanley and Nelson Kelley, were put in possession of the respective tracts, which they held at the time of the institution of the suit. This judgment in the action of the ejectment against Breedlove was by default.

It was shown by the evidence for the plaintiff, in rebuttal, that she did not know of the suit by Martin against Breedlove.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the general affirnative charge in her behalf, and refused to give a similar charge requested by the defendants. To each of these rulings the defendants separately excepted. There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court upon the charges requested.

HUBBARD & HUBBARD, for appellants.—1. At the time the suit is brought plaintiff must have the right of entry and of possession. The evidence clearly shows that she had rented the land for the year 1894 to one Breedlove, taking his note therefor, and that a corp was grown on the land, and was on it in September when suit was brought. Hence she did not have the right of entry and possession.—*Hines v. Chancey*, 47 Ala. 637 ; *Scranton v. Ballard*, 64 Ala. 402 ; *Goodman v. Winter*, 64 Ala. 410 ; *Cofer v. Schening*, 98 Ala. 338.

"A lessee acquires an estate by his lease, which may be sold and levied on under execution." It can be no answer to this want of right of entry and possession, on part of plaintiff, that Martin had ejected Breedlove of his term.—*Kirkpatrick v. Boyd*, 90 Ala. 453.

The evidence shows that the lands defended was the homestead of Martin at the time he made the deed back to Anderson ; and was not acknowledged by the wife of Martin. Hence the deed was void, and could not confer the legal title on plaintiff. It may be that a court of chancery could adjust the rights and equities of the parties, but a court of law has no such power. It is a defect of legal title—the only title that can be relied on in ejectment.

[Stanley *et al.* v. Johnson.]

R. L. HARMON, *contra.*—One who buys land on a credit, and contemporaneously with his purchase executes a mortgage on it, can not claim a homestead interest in the land as against the vendor. No homestead exemption vested in the land, under the facts in this case. The right to homestead does not prevail against a valid lien. *Newbold v. Smart*, 67 Ala. 326..

In Waples on Homestead and Exemption, page 352, the rule is stated : ''A mortgage for the purchase money, given simultaneously with the taking of a deed absolute in form, is deemed prior to the transfer so as to give it precedence over later liens put upon the property. A married man may act alone in securing the purchase money to his vendor, when acquiring property to be dedicated as a homestead, for his wife's right in it has not yet arisen. Mortgages to secure purchase money do not require the wife's signature. Only the one taking title need sign.''

The judgment introduced in this case by defendants is not binding on the plaintiff. She was not a party to the suit, and had no notice of it.—*Howard v. Kennedy*, 4 Ala. 592 ; *Smith v. Gayle*, 58 Ala. 600.

COLEMAN, J.—The appellee, Johnson, sued in ejectment to recover certain lands. With the exception of five acres in the possession of Nelson Kelley, one of the defendants, both parties deduce title from Robert Anderson as common source. In December, 1882, Robert Anderson sold and conveyed all the lands sued for by deed of conveyance, to Pike Martin, a married man. Contemporaneously with the purchase and deed of conveyance, Pike Martin executed to the vendor a mortgage to secure the payment of the purchase money. After the purchase of the land and execution of the deed of conveyance and mortgage, Martin moved upon the lands and held them, except the five acres, as a homestead. The wife of Martin did not join in the execution of the mortgage to secure the purchase money. On the 26th of October, 1885, the purchaser, Martin, not having paid any part of the purchase money, executed a deed to all the land purchased back to Anderson with covenants of warranty, in payment and satisfaction of the purchase money debt and the mortgage to secure it. The mortgage was indorsed as follows : "October 26, 1895,

This mortgage is satisfied by the purchase of the land described therein,'' and signed by the mortgagee. The wife joined in making the deed, but there was no separate acknowledgment by the wife such as is required by statute to convey a homestead. It is provided by statute, that the homestead claim shall not prevent a vendor's lien, for unpaid purchase money from attaching (Code of 1886, § 2509) ; and we have decided that the lien for the purchase money is superior to the homestead claim. Vendor's lien, as such, is cognizable only in a court of equity. The facts show that the mortgage for the purchase money was executed contemporaneously with the execution of the deed to the vendee, and at that time, the vendee had never been in possession. Under these circumstances no homestead interest could have vested prior to the execution of the mortgage.—*Glass v. Tisdale*, 106 Ala. 581 ; *Adkins .v. Bynum*, 109 Ala. 281. The mortgage to secure the purchase money, embraced the entire interest purchased, and was valid without the signature of the wife. In a court of law, after the maturity of the mortgage, the mortgagee becomes the owner of the land, with the legal title, and could recover possession upon this title in a suit in ejectment. There remained only an equity in the vendee. The mortgagee made no conveyance of the legal title, and unless prevented by statute was entitled to recover at law upon his title as mortgagee. The statute provides that payment of a mortgage debt divests the title passing by the mortgage.—Code of 1886, §§ 1869, 1870. If the deed of the vendee conveying the lands back to his vendor in satisfaction of the purchase money debt, was void, as insisted upon by appellant, for want of a proper acknowledgment by the wife, the mortgage debt has not been paid, and the title of the mortgagee has not been divested, and he was authorized to recover, on the uncontroverted facts of the case. We make no decision of the question, as to whether a homestead estate can arise in favor of a vendee against a vendor's lien, or where the legal title is reserved to secure the payment of the purchase money, so long as the purchase money remains unpaid. See Waples on Homestead & Exemption, pp. 352-54 ; Thompson on Homestead, §§ 330-34. What we decide is, that if the deed of Martin to his vendor, was a valid deed, the plaintiff could recover on that title.

On the other hand, if the deed was void, then the mortgage debt has not been paid, and the plaintiff could recover on the title conveyed by the mortgage. In either phase, the plaintiff was entitled to recover.

The suit in ejectment was begun in September, 1894. The evidence shows that plaintiff had rented the lands for the year 1894, to one Breedlove. The defendants' contention is that plaintiff was not entitled to the possession on account of the renting to Breedlove, at the time of the institution of the suit, and therefore is not entitled to recover. It is undoubtedly true, that to authorize a recovery in ejectment, the plaintiff must show that he was entitled to the possession at the time of the institution of the suit, but neither a mortgagor, nor a vendor, will be permitted as against his mortgagee or vendee to set up title in a stranger, with which they are in no wise connected, to defeat the recovery.—*Allen v. Kellum*, 69 Ala. 442; *Dunton v. Keel*, 95 Ala. 159; *Draper v. Walker*, 98 Ala. 310. So far as being in privity with the title of plaintiff's lessee, the evidence shows that the defendants' possession was hostile to that of the lessee. He had recovered the land by suit in ejectment against the tenants of the plaintiff. The judgment was by default, and neither the tenant nor plaintiff in that suit gave the landlord, the plaintiff in the present action, notice of that action against his tenant, and he was not a party. The judgment by default against the tenant, cannot be made evidence for any purpose against the plaintiff in the present suit. *Smith v. Gayle*, 58 Ala. 600. What has been said on this point disposes of the contention of the defendant as to the five acres. We find no error in the record, and the judgment must be affirmed.

Affirmed.