JOHN PALMER ET ALS. v. J. E. LATHAM.

(Filed 28 February, 1917.)

**1. Mortgages—Sales—Place of Sales—Contracts—Statutes.**

The requirement of Revisal, sec. 641, refers to sales under a foreclosure by order of court, and when made solely under the power of sale directed by the mortgage, the place of the sale therein designated controls; nor is this affected by Revisal, sec. 1042, which omits any requirements as to the place of sale, but provides for the advertisement at the courthouse door of the county wherein the land is situated, and is directory only.

**2. Same—New Counties.**

Where before the creation of a new county a mortgage is given on lands directing that the sale under the power thereof, be made, on default, at the courthouse door of that county, and the lands fall within a new county thereafter created, objection to the validity of the sale merely because it was made at the designated place cannot be sustained.

**3. Mortgages—Place of Sale—Subsequent Statutes.**

Statutes changing the place of sale of lands under a mortgage cannot apply to mortgages or deeds of trust executed prior to the enactment.

APPEAL by plaintiffs from *Bond, J.,* at January (Special) Term, 1917, of LEE.

*Hoyle & Hoyle for plaintiffs.*
*Seawell & Milliken for defendant.*

CLARK, C. J. The only question presented is the validity of a sale of land at the courthouse door in Moore County under a mortgage which provided that in case of default it should be sold "at the court house door in Moore." At the time the mortgage was executed (in 1906) the land lay in Moore County, but prior to the time of sale (in

1915) it had been placed in the new county of Lee. There is no allegation of bad faith, the sole contention of plaintiff being that the land should have been advertised and sold at the courthouse door in Lee.

In *McIver v. Smith,* 118 N. C., 73, the Court held that the place designated for the sale under the power of sale in a mortgage controls. The appellant contends that mortgage sales are now governed in this respect by Revisal, 641, which has been enacted since that decision, but that section of the Revisal is under the head of "Execution Sales" in the chapter on Civil Procedure, and evidently refers to sales under the foreclosure of a mortgage by order of court, and other judicial sales. Revisal, 1042, providing for "mortgage sales," specifies that such sales should be advertised at the courthouse door in the county where the land lies, but does not require that the sale shall be made at that place, the object evidently being to give notice to creditors and to those in the neighborhood who would be most likely to purchase. This section further prescribes the length of notice, "unless a shorter time be expressed in the contract," showing that the parties can stipulate as to the time. By the omission of any requirement therein as to place of sale, that also is left open to contract. The presumption is that such sale was properly advertised, *Cawfield v. Owens,* 129 N. C., 288. Requirements as to advertising are directory only, *Shaffer v. Bledsoe,* 118 N. C., 279; but requirements as to time and place of sale are mandatory, *Wortham v. Basket,* 99 N. C., 70.

In *Eubanks v. Becton,* 158 N. C., 236, the Court quotes with approval from Perry on Trusts, sec. 602: "If the power contains the details, the parties have made them important, and no change can be made even if the mortgagor would be benefited thereby, nor if a statute provides a different manner."

In *McIver v. Smith,* 118 N. C., 73, the Court says: "A mortgage is a contract, and the parties may affix such terms and conditions as they see fit, provided creditors or others interested at the time are not affected thereby."

"If the power provides that the sale is to be made on the premises, or names any other place, of course the sale must be notified for that place, and it must be made at that place." Perry on Trusts, sec. 602r. If a mortgage or deed of trust specifies the place where the sale is to be made, it must be strictly obeyed. 27 Cyc., 1476.

In *McConneaughey v. Bogardus,* 106 Ill., 231; *White v. Malcom,* 15 Md., 529, it was held that a statute changing the place of sale cannot apply to mortgages or deeds of trust executed before the enactment. In *Durrell v. Farwell* (Tex. Civ. Ap.), 27 S. W., 795, it is held: "When a deed of trust provides that the property shall be sold at the county-seat of a certain county, and the county is afterwards subdivided, a sale made at the county-seat of one of the *new counties is void.*"

It not being denied that this sale under the mortgage was in all respects regular and fair; that there was a balance due on the note secured by the mortgage, and that the land was sold in exact accordance with the terms of the power of sale and at the place designated, the judgment is

Affirmed.