145 So. 154
## STATE BANK OF ELBERTA v. PETERSON.
### I Div. 747.

Supreme Court of Alabama.
Dec. 22, 1932.

Lloyd A. Magney, of Foley, for appellee.

Elliott G. Rickarby, of Mobile, for appellant.

FOSTER, J.

The mortgage here under consideration was executed in April, 1922, and the power of sale was performed in March, 1932. The power of sale did not specify the place where the sale must be had, but did provide that thirty days' notice should be given and that the sale should be for cash at public outcry, and that the mortgagee might bid at the sale. There is no claim of irregularity, except that the sale was conducted before the post office at Elberta, in Baldwin county, where the land is situated, pursuant to the notice, but not before the courthouse door of the county, which we judicially know is not at Elberta.

Reliance is had upon section 9011, Code, which provides that if the mortgage is silent as to the place of sale under such a power, it must be made at the courthouse door of the county wherein the land is situated. That section of the Code became law by virtue of its incorporation into the Code of 1923, written by the legislative Code commission, and, as written, adopted by the Legislature. It therefore became effective with the effective date of the Code, to wit, August 17, 1924, by virtue of the proclamation of the Governor.

The general rule is that statutes are intended to operate in the future, unless a contrary effect is expressly declared or necessarily implied. Hawkins v. People's Finance & Thrift Co., 219 Ala. 558, 122 So. 650, and cases cited; 59 Corpus Juris 1159, 1160. This includes the concept that existing contracts are impliedly not affected. We think also that because section 9019, Code, declares that the provisions of the act of September 29, 1923 (Acts 1923, p..658) shall not apply to mortgages executed before that date, there is shown a purpose to make the entire article operative only upon mortgages made after the effective date of its several provisions. There is authority for the exact question we have here, that statutes which fix the place of sale under a power are said not to apply to mortgages containing such power executed before their enactment. 41 Corpus Juris 967, 925; Belcher Land. Co. v. Taylor (Tex. Com.

App.) 212 S. W. 647; McConneaughey v. Bogardus, 106 Ill. 321; White v. Malcolm, 15 Md. 529; Palmer v. Latham, 173 N. C. 60, 91 S. E. 525; Davis v. O'Connell, 92 Miss. 348, 47 So. 672.

It seems also to be the settled construction of a power, that if its provisions do not specify a place of sale, and none is then provided by law, the selection of a place is left to the reasonable and prudent discretion of the grantee of the power. 41 Corpus Juris 967, cases in note 8; McClendon v. Equitable Mortgage Co., 122 Ala. 384, 391, 25 So. 30. So that the right to exercise such prudent discretion is thereby as much a part of the contract as if written in it. A subsequent statute which might operate upon such a situation affects an existing contractual status the same as though the place had been specified in the power. The right to make such a selection is or may be a valuable consideration for entering into the transaction. At least such was the agreement here. To change its meaning by statute may subject the statute to attack as for impairing the obligations of a contract. Cowley v. Shields, 180 Ala. 48, 60 So. 267. All of such thoughts impel us to the conclusion that it is not here controlling, and that the mortgagee had the right under the power to exercise a reasonable and prudent discretion in the matter. No sort of effort is made to show that it was not reasonably and prudently exercised so as to conserve the best interests of the mortgagor. On the other hand, the reasonable inference from the facts is that the selection of the place of sale was wise and prudent.

The agreed statement of facts shows the defendant and his wife executed a mortgage to plaintiff conveying to it the legal title of the land sued for in this action, which is in the nature of ejectment. But it also states that the issue submitted is whether the foreclosure was valid and whether the foreclosure deed should be admitted in evidence as a valid instrument entitling plaintiff to possession. We have responded to that issue as we understand the principles which control it. But we do not think that plaintiff's right to recover possession is thereby controlled. There is here no effort to have the benefits of section 7465, Code. The only question was whether plaintiff had such legal title as justified a recovery of the land in such an action as this.

It has been frequently pointed out in the decisions of this court that the conception of a mortgage, duly executed, as here entertained, is that it passes the legal title such as will support ejectment, without foreclosure. Jackson v. Tribble, 156 Ala. 480 (14), 47 So. 310; Jordan v. Sumners, 222 Ala. 314, 132 So. 427; Brown v. Loeb, 177 Ala. 106 (8), 58 So. 330; Lomb v. Pioneer S. & L. Co., 106 Ala. 591, 17 So. 670; Stanley v. Johnson, 113 Ala. 344, 21 So. 823.

Nothing more need be said, it seems to us, to justify a judgment for plaintiff. While the foreclosure deed was not necessary to enable plaintiff to recover the land, it was proper matter for consideration in an orderly exposition of the status of the title. The judgment of the circuit court must therefore be reversed. The agreed facts provide that in such event damages for detention shall be calculated at the rate of ten per centum of $739.16 per annum since March 12, 1932. This being nine and one-third months, we fix the damages at $57.40. Judgment is therefore rendered in favor of appellant for the land sued for, and $57.40 damages for detention, and the costs of the cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.