[Cross *et al.* v. Berry, Demoville & Co.]

# Cross *et al. v.* Berry, Demoville & Co.

*Bill to Set Aside Fraudulent Conveyance.*

(Decided December 17, 1901.)

1. *Appeal; how taken; summons and severance.*—An appeal from a decree setting aside a conveyance as,fraudulent should be taken in the name of all the defendants, and a summons and severance had in the Supreme Court as to those not joining in the appeal.

2. *Mortgage, when fraudulent and void as to creditors; retention of possession by mortgagor; extension of debt.*—Where a stock of drugs and fixtures was mortgaged to secure an indebtedness evidenced by notes executed a few days previously, and when the notes were executed the mortgage was not contemplated; and by the terms of the mortgage the mortgagor was permitted to remain in posession of the property mortgaged for the purpose of carrying on his drug business in the ordinary way, buying, selling and replenishing as his business might require, without accounting to the mortgagee; and at the time of the making of the mortgage it was understood and agreed between the mortgagor and mortgagee that the debt secured thereby would be extended as long as the mortgagor desired, upon the payment by him of the interest on the debt annually; the mortgage is fraudulent and void as to creditors of the mortgagor, existing and subsequent, without regard to the intention of the parties to the mortgage.

3. *Mortgage of stock of goods; exemptions.*—Where personal property conveyed by a mortgage exceeds in value $1,000, the principle of law is not applicable which upholds conveyances of exempt property, regardless of the consideration or of the intention of the parties; that principle being applicable only where the property conveyed constitutes all that is owned and possessed by the grantor and does not exceed in value his exemptions under the law.

APPEAL from Morgan Chancery Court.
Heard before Hon. W. H. SIMPSON.
The opinion states the facts.

S. T. WERT and W. L. MARTIN, for appellants.— (1.) A conveyance of exempt property is valid, without regard to the consideration or the reservation of a benefit therein.—*Clewis v. Malone,* 119 Ala. 312; *Kennedy v. First Nat. Bank,* 107 Ala. 170; *Pollak v. McNeil,* 100 Ala. 203; *Fuller v. Whitlock,* 99 Ala. 411; *Hodges v. Winston,* 95 Ala. 514; *Chipman v. Glennon,* 98 Ala. 263. (2) The mortgage, being prior in point of time to the creation of Cross' debt to appellees, can be invalidated only for actual fraud.—*Craft v. Wilcox,* 102 Ala. 378; *Heinz v.White,* 105 Ala. 670; *Echols v. Orr,* 106 Ala. 237; *Stoutz v. Huger,* 107 Ala. 248; *Jordan v. Collins,* 107 Ala. 572; *Echols v. Peurrung,* 107 Ala. 660; *Elyton Land Co. v. Iron City S. B. Works,* 109 Ala. 602; *City Furniture Co. v. Simmons,* 111 Ala. 438.

E. W. GODBEY, for appellees.—The retention by Cross of possession of the stock of goods, using, selling and replenishing as he saw fit, without accounting to anyone, and the agreement to extend the debt as long as interest should be paid, rendered the mortgage a secret trust and void as to creditors.—*Birmingham Dry Goods Co. v. Roden,* 110 Ala. 577; *Montgomery v. Kirksey,* 26 Ala. 185; *Tompkins v. Levy,* 87 Ala. 269; *O'Neil v. Birmingham Brewing Co.,* 101 Ala. 383; *Mc-Dermott v. Ebom,* 90 Ala. 261; *Sandlin v. Robbins,* 62 Ala. 484; *Benedict v. Renfro,* 75 Ala. 126.

DOWDELL, J.—The present bill was filed by Berry, Demoville & Co., who were creditors of the appellant Cross, and seeks to have set aside and annulled a mortgage executed by Cross to the appellant Young as being fraudulent and void as to creditors. Troup, Brock and Ryan were also made defendants in the bill for purposes therein averred, which we need not mention here since they were not made parties to this appeal, the appeal having been taken alone by Cross and Young. The appeal, however, should have been taken in the name of all the defendants and a summons and severance had in this court as to those not joining in the appeal; but as no question is raised upon the irregularity in taking the appeal, we will take no further notice of it.

The appeal is taken from a final decree rendered on a submission of the cause upon the pleadings and proof. The chancellor upon his findings on the facts in the case decreed the mortgage made by appellant Cross to appellant Young fraudulent and void as to complainants and this decree is here assigned as error.

The undisputed evidence in the case shows that the mortgage in question was given to secure the payment of six notes, each respectively in the sum of one hundred dollars, and all due and payable one year after date. That several days after the execution of these notes, the mortgage in question, which was given to secure the same, was executed. That at the time of the execution of the notes, the giving of the mortgage was not contemplated, but was an afterthought and consideration. The property contained in the mortgage consisted of a stock of drugs and fixtures and being the stock in trade of Cross, the mortgagor, who was then conducting and carrying on a drug business in the city of Decatur. By the terms of the mortgage the mortgagor was permitted to remain in possession of the property mortgaged for the purpose of carrying on his drug business in the usual and ordinary way of selling and disposing of the stock of drugs and replenishing the same as his business might require, without in any manner or form accounting to the mortgagee. It is also shown without dispute in the evidence, that at the time of the making of the mortgage, it was understood and agreed between the mortgagor and mortgagee that the debt for which the mortgage was given to secure would be extended as long as the mortgagor desired upon the payment by him of the interest on the debt annually. It cannot be doubted that under this undisputed evidence in the case, without regard to what might be the intention of the parties to the mortgage, the law rendered the same fraudulent and void as to creditors, existing and subsequent.—*Birmingham Dry Goods Co. v. Roden,* 110 Ala. 577; *O'Neal v. Birmingham Brewing Co.,* 101 Ala. 383; *Benedict v. Renfro,* 75 Ala. 126; *Roden v. Norton,* 128 Ala. 129.

There is nothing in the contention of appellants that the mortgagor had the right to convey and mortgage

the property in question as exempt property without committing any fraud against his creditors. The evidence of the appellant Cross, the mortgagor, as well as other testimony in the case, shows that the value of the property mortgaged exceeded $1,000, which was in excess of what the law exempted to him. The authorities cited by appellant upon this question are applicable only in case where the property conveyed constitutes all that is owned and possessed by the grantor, and does not exceed in value his exemption under the law.

We have no doubt of the correctness of the chancellor's findings upon the evidence, and his decree will, therefore, be affirmed.