# Cox *et al. v.* Birmingham Dry Goods Co. *et al.*

### *Action on an Attachment Bond.*

1. *Conveyance of homestead; valid as against creditors.*—Creditors can not complain of the conveyance of a homestead by their debtor, since they are not thereby injured.

2. *Mortgage on stock of merchandise; when not fraudulent as to other creditors.*—Where, in the purchase of a stock of goods, the purchaser executes a mortgage on said goods to secure the payment of the purchase price, and the sale and mortgage back are contemporaneously made and constitute one transaction, such mortgage is not fraudulent as to the creditors of the vendee mortgagor; and this is true, although it is understood that the purchaser could sell the goods in the regular course of business.

3. *Same; same.*—Where, in a mortgage given by the debtor to secure the payment of the purchase money of a stock of goods presently sold to him, it is stipulated that the vendee mortgagor can sell the goods so purchased and included in the mortgage in the regular course of business and may use the money derived from such sales to replenish the stock of goods, but such after-acquired goods are to be subject to the mortgage, such mortgage is not fraudulent as to subsequent creditors of the mortgagor, in the absence of evidence showing that the mortgage was executed with actual fraudulent intent to use the mortgage for the purpose of shielding the mortgagor's property from other debts, or that the mortgagor was insolvent.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

This was a suit brought by the plaintiffs in usual form

by summons and complaint against the defendants in the circuit court of St. Clair County, Alabama, on the 7th day of March, 1898, on an attachment bond in usual form executed by the defendants on the 15th day of December, 1897, and payable to the plaintiffs in the penal sum of three hundred and twenty-nine dollars, for the alleged wrongful and vexatious suing out an attachment by the said Birmingham Dry Goods Company, against the estate of plaintiffs, M. E. Cox and R. H. Cox, in the circuit court of said county on the 15th day of December, 1897. Such process of attachment, after being sued out, was, by the sheriff, on said 15th day of December, 1897, levied on goods, wares and merchandise of the plaintiff, at the time in a storehouse occupied by her in the town of Asheville, reasonably worth one thousand dollars.

The case was brought here on abstract under the provisions of the statute which is found as a foot-note to § 451 of the Code of 1896. It is stated in the abstract that the plaintiffs by their evidence made out for themselves a *prima facie* case. The evidence for the plaintiffs further tended to show that the goods and effects so seized and sold by the sheriff under the writ of attachment were, on December 15th, 1897, reasonably worth $329, which was the amount of the penalty in the attachment bond upon which the suit was brought.

The evidence for the defendants tended to show that at the time of the suing out of the attachment on December 15th, 1897, the said M. E. Cox and R. H. Cox were indebted to the Birmingham Dry Goods Company by waive note well past due, in the amount including the interest of $164.50; that the goods sold by the sheriff under the writ of attachment were not worth more than the amount of the debt of the plaintiff in attachment and the costs of the suit. It was further shown that M. E. Cox, on January 16th, 1895, purchased a stock of dry goods, wares and merchandise in Ashville from one John P. Phillips; that such stock of goods was invoiced at $2,800; that she gave her promissory note for $900 to said Phillips in payment for said stock of goods and to

21

secure the payment of said note she and her husband, on January 16, 1895, executed a mortgage upon said stock of goods and also upon other personal property owned by them and upon the house and lot which was occupied by them as a homestead. This mortgage contained the following provision: "And it is agreed and understood that said M. E. Cox is to remain in possession of said real estate and personal property until the maturity of this mortgage, and is to be allowed to sell from said stock of goods in the due and usual course of business and to replenish said stock of goods and to sell from such so replenished stock, but such goods so bought to replenish said stock of goods shall be and become subject to the mortgage and stand as a part of the security for the payment of the amount secured by this mortgage." The execution of the mortgage was admitted by the plaintiffs, but upon it being offered in evidence they objected thereto on the ground that it was irrelevant, incompetent and immaterial to any issue in the cause. This objection was overruled and the defendant duly excepted.

The evidence showed that at the time of the purchase and the execution of the mortgage to Phillips, M. E. Cox was not indebted to anyone in any amount. It was further recited in the abstract that the evidence showed that upon the purchase of the stock of goods from Phillips, they were opened and M. E. Cox conducted a mercantile business in a storehouse in Ashville, and that in the course of the business conducted by her she purchased other goods and commingled with them the goods she had purchased from Phillips. That in April, 1897, M. E. Cox purchased from the Birmingham Dry Goods Company some goods which she also commingled with the goods she had in her store at the time, and offered them for sale in the regular course of business. That M. E. Cox used the money arising from the sale of the goods in the store and some of the goods themselves in the support and sustenance of her family, and to pay some of the expenses of conducting a farm; that she used some of the money derived from the business in making payment to the Birmingham Dry Goods Company on

her account, and to other of her creditors. This was substantially all of the evidence introduced on the trial of the cause, and the court, at the request of the defendants gave the general affirmative charge in their behalf, to the giving of which charge the plaintiffs duly accepted.

There were verdict and judgment for the defendants. The plaintiffs appeal and assign as error the several rulings of the trial court, to which exceptions were reserved.

INZER & GREEN, for appellant.—The mortgage involved in this controversy was not fraudulent. The title to the personal property attempted to be conveyed thereby never passed out of the mortgagor, the mortgage having been executed to secure the purchase price stock of goods sold, it was in the nature of a condition sale. In such case the purchaser only acquired an equity.—*Bingham v. Vandegrift,* 93 Ala. 283; *Adkins v. Bynum,* 109 Ala. 381.

J. A. EMBRY, *contra.*—The mortgage in this case, and the subsequent use of the goods by the mortgagor was the character of a conveyance that the statute renders void, both as to existing and subsequent creditors.— Code, § 2150; *Benedict v. Renfro,* 75 Ala. 121; *McDermott v. Eborn,* 90 Ala. 258; *Lawson v. Funk,* 108 Ill. 502; *O'Neill v. Birmingham Brewing Co.,* 101 Ala. 383; *Echols et als. v. Peurrung Bros. & Co.,* 107 Ala. 660; *Gilliard v. Fenn.,* 90 Ala. 230.

SHARPE, J.—Action by the appellants against the appellees upon an attachment bond.

According to the agreement embodied in the abstract, the only question presented to this court for descision is, whether, under the facts and evidence stated in the abstract, appellants have fraudulently disposed of their property, that being the only ground relied upon by appellees to justify the suing out of the attachment.

It is well settled that the conveyance by a debtor of his homestead is not fraudulent as to creditors who

could not have subjected it by legal process to the payment of debts, for the reason that the conveyance withdraws nothing they could have reached in any event.— *Kennedy v. Bank*, 107 Ala. 170; *Hodges v. Winston*, 95 Ala. 514; *Fuller v. Whitlock*, 99 Ala. 411.

Upon the same principle it was held by this court in *Adkins v. Bynum*, 109 Ala. 281, that a mortgage given upon goods as a part of the same transaction in which they were purchased and to secure their purchase price, is not constructively fraudulent as to creditors. In such case, the purchase of the goods and their conveyance being simultaneous, no interest in them was acquired by the debtor previous to the conveyance. The effect of the transaction upon his ownership is merely to revest him with the right to own the property upon paying for it, and by it the situation of the creditor is not worsted.

It is an axiom of the law that one cannot convey that which he hath not. The mortgage provision purporting to convey goods to be thereafter acquired in replenishing the stock had no effect as a present conveyance. *Grant v. Steiner*, 65 Ala. 499; *Purcell v. Mather*, 35 Ala. 570. It could only attach to the goods after their acquisition by the mortgagors and then under legal or equitable principles operating to carry into effect the original agreement of the parties.—*Booker v. Jones*, 55 Ala. 271; *Penock v. Coe*, 23 How. (U. S.) 117; *Dexter v. Curtis*, 91 Me. 505; 64 Am. St. Rep. 266; 15 Am. & Eng. Encyc. Law, 749.

The mortgage rested upon such after-acquired goods an encumbrance which obstructed their subjection to debts other than that secured by the mortgage, but what effect would be given to the transaction if there was shown an actual fraudulent intent of the mortgagor to shield her property from other debts, or as in the case of a debtor's insolvency, that it had the necessary effect to prevent, hinder or delay the collection of other debts are questions not raised on this appeal.

There is no evidence tending to show that M. E. Cox acted with actual fraudulent intent. The mere act of selling such property by M. E. Cox in the ordinary course of trade and the application of the proceeds partly in

[Davis v. Walker & Walker.]

the payment of debts and partly for their family and farm, does not in itself tend to show actual fraud. Neither do the facts in evidence show that M. E. Cox was insolvent or that she did not have ample property other than that in the mortgage which might have been subjected to her debts.

Upon the facts in evidence, as stated in the agreed abstract, it cannot be here held that either the original mortgage which conveyed nothing subject to the claims of creditors, or the subsequent purchase and passing of goods under its terms can be charged to the appellants as a constructively fraudulent disposition of property without regard to insolvency of the appellees, which is not here shown. The mortgage was admissible in evidence, but there was error in giving the general affirmative charge for the defendants, for which the judgment will be reversed and the cause remanded.

Reversed and remanded.