# Gillespie, et al, v. Gibbs, et al.

*Bill to Enjoin Ultra Vires Acts of Municipal Corporation.*

(Decided June 13th, 1906.   41 So. Rep. 868.)

1. *Municipal Corporations; Ultra Vires Acts; Injunction; Parties.*—An alderman of a town may, in his individual capacity, as a tax payer of the town, join with other tax payers as complainants to enjoin the ultra vires acts of the municipal corporation and its officers.

2. *Same; Parties Defendant.*—The officers of a municipal corporation engaged in the doing of ultra vires acts on behalf of the corporation are proper parties defendant to a bill to enjoin such acts, and the municipal corporation is a necessary party defendant.

3. *Same; Defenses.*—The fact that after suit filed the corporation and its officers discovered their error and rescinded the order under which the acts were directed to be done and abandoned

29.

the illegal scheme, does not afford cause for dismissing a suit properly filed to enjoin such threatened ultra vires act, even though by amendment to the bill such matters are set up as having occurred.

4. *Same; Bill; Amendment.*—Where the town abandoned its project of purchasing an additional lot for school purposes and stopped paying out corporate funds to repair the school house, after bill had been filed to enjoin such acts, but the municipal authorities immediately rented for the town hall a portion of the same school house for a period of five years and paid the rent for the whole term in advance, which was a mere subterfuge to avoid the injunction, an amendment setting up these facts did not destroy the equity of the bill.

APPEAL from Cullman Chancery Court.

Heard before HON. W. H. SIMPSON.

This bill was filed by F. A. Gillespie, and others, citizens and tax payers of the town of Hanceville, against Gibbs and others, as mayor and aldermen of said town, to enjoin the expenditure of public funds towards the building and equipping of a school house. The town of Hanceville was not made a party respondent. Burkhart was a member of the board of aldermen at the time of the filing of the bill, and was made a party complainant. The other facts are sufficiently stated in the opinion of the court.

BROWN & KYLE, for appellant.—Municipal corporations can exercise only such power as are expressly granted in their charters, and such as may be necessary and proper in order to carry such express or incidental powers into effect.—*City of Eufaula v. McNab* 67 Ala. 59; *City Council v. Plank Road,* 31 Ala. 76; *Mayor v. Yuille,* 3 Ala. 157. All acts therefore, which are not authorized by these principles are ultra vires the corporation.—*Meyer, et al. v. Ensley,* 37 So. Rep. 639. The acts of the common council are the acts of the town when and only when relating to a subject over which it has jurisdiction; otherwise, it is the acts of the individual.—20 A. & E. Ency. of Law, pp. 1209-1210. The original and amended bill constitute but one bill, and that bill speaks

as of the filing of the original bill as to the rights of complainant.—*Taunton, et al. v. McInnish*, 46 Ala. 619; *Adams v. Phillips*, 75 Ala. 416; *Bracken v. Newman*, 121 Ala. 311. The amendments to the bill were germaine to the purposes of the bill and were improperly stricken.— *McMinn v. Karter*, 123 Ala. 507. The courts of equity will at the suit of tax payers enjoin the officers of a municipal corporation from making illegal contracts for misappropriating public funds.—*Inge v. Mobile*, 135 Ala. 187; *Allen v. LaFayette*, 89 Ala. 641. Burkhart, although a member of the council, was a proper party complainant. The action is against the individual and not against the corporation and the corporation was not a necessary party.—*Sanche v. Webb*, 97 Ala. 111.

GEORGE H. PARKER, for appellee.—Burkhart is a party improperly joined as a party complainant, as he was a member of the body whose wrong doing is sought to be enjoined.—10 Ency. P. & P. p. 906. The corporation was a necessary party.—10 Ency. P. & P. p. 914; *Powers v. Decatur*, 54 Ala. 214. Upon the admission of the amendment to the original bill showing that the respondents are not carrying out the acts enjoined, the injunction should be dissolved and the bill dismissed.—*Steiner v. Scholze*, 105 Ala. 607; 2 High on Injunctions, § 1494; P. & P. p. 1038. The town had the authority to do and perform the acts complained of.—*Mitchell v. The City of Gadsden*, 109 Ala. 390; *Allen v. LaFayette*, 89 Ala. 641. The amendments were clearly departures.—10 Ency. P. & P. p. 96.

TYSON, J.—This is the case of a bill filed by certain taxpayers of the municipality of the town of Hanceville, one of whom was an alderman of the said town, against the intendant and the other aldermen, to enjoin ultra vires acts of the corporation. The particular act complained of was the application of corporate funds to the repair and completion of school property owned by the Hanceville school district situated in the town, and the purchase of an additional lot for the said school. After

[Gillespie, *et al. v.* Gibbs, *et al.*]

an injunction had issued, the town authorities, recognizing the .want of power to do the act complained of, revoked the orders under which they were directed to be done, and apparently abandoned the project, but immediately afterwards rented for a town hall a portion of the same schoolhouse for five years, and paid the rent for the whole term in advance, amounting to $250. Thereupon amendments to the bill were interposed, setting up these facts, alleging that they were a mere subterfuge for avoiding the injunction, and making new parties. Motions were made to strike the amendments as departures, to dismiss the bill for want of equity, and to dissolve and discharge the injunction, and at the same time demurrers were interposed to the whole and to parts of the bill. The chancellor dissolved the injunction, struck the amendments, sustained the demurrers, and, finding in his decree that the bill could not be amended so as to give it equity and that complainants made no effort to amend, dismissed the bill. The appeal is brought by the complainants below to reverse this decree.

We do not doubt the right of an alderman to join in his individual capacity as a taxpayer of the town with the other complainants to enjoin ultra vires acts by the town authorities and their officers. One does not lose his character and capacity and rights as a citizen by becoming an officer of the town in which he lives, and he by no means complains of himself by joining with others in the institution of a suit in his capacity as a citizen and taxpayer against the corporation and its officers other than himself. Nor do we doubt that the officers of the corporation engaged in the perpetration of ultra vires acts in behalf of the corporation are proper parties defendant to a suit to enjoin such acts, or to correct them. In such case there may be a personal liability in favor of the corporation, to be imposed upon the officers engaged in the illegal acts complained of. Nor does the fact that, after a suit has been instituted, complaining of ultra vires acts about to be done, the corporation and its officers discover their error and revoke the orders under which the acts were directed to be done, and abandon the

illegal scheme, afford any cause for the dismissal of a suit properly instituted to prevent the acts complained of, although such matters be set up as amendments to the bill as having occurred.—*McMinn v. Karter*, 123 Ala. 502, 26 South. 649. Such acts of recantation by the corporation and its officers, as stated in the case cited, strengthen the case made by the original bill, and confirmed the title to relief therein alleged, and by no means have the effect of destroying the equity of the original suit. The amendment in this case, while it might not give the complainants any right to relief against the acts complained of therein, in reference to the renting of a portion of the school house as a town hall, on the ground that the municipal authorities have a legislative discretion in reference to such matters, which cannot be inquired into, and particularly so in a case of this kind, instituted for a different purpose, did not interfere with the equity of the original bill to have the judgment of the court in striking the amendments, which is necessarily an act antecedent in its nature to the dismissal of the bill, would certainly leave the bill unimpaired by the amendments.

But there is a defect about the original bill which seems to render the sustaining of the demurrer thereto unobjectionable. The suit is in reference to corporate property and alleged corporate conduct. Ordinarily the corporation itself would be the proper complainant to bring such suit, but, being under control of officers who were united in the project of misapplying the corporate funds, the right to prevent such injuries to the corporation by the institution of suits such as this by the taxpayers of the town is undoubted, and it is fully recognized; but the municipal corporation in its corporate capacity is a necessary party to the proceeding, when it is not a plaintiff. When the suit is one to vacate a charter and restrain persons from acting as a corporation, it was improper, prior to section 3423 of the code of 1896, to make the alleged corporation a party defendant, since it would be an admission of its existence.—*State ex rel. Sanche v. Webb*, 97 Ala. 111, 12 South. 377, 38 Am. St. Rep. 151. But when the suit is in behalf of a corporation, and to

preserve its property against illegal acts done in its name by its officers, the corporation as such is certainly an indispensable party. The analogy in such cases between municipal corporations and private corporations, when suits are instituted in behalf of the latter by corporators, is perfect.—10 Cyc. pp. 995, 996, and authorities there cited; 2 Dillon on Corporations, §§ 915, 916. Though the inhabitants of a town are, as stated in *City of Eufaula v. McNab,* 67 Ala. 589, 42 Am. Rep. 118, the corporators, and the officers are but public agents of the corporation, the corporation itself is the legal owner of all the property standing in its name, as much as a private corporation, and neither can be dispensed with as a party defendant to a legal proceeding such as this.—Ency. Pl. & Pr. vol. 10, p. 914; Id. vol. 14, p. 224; 36 Cent. Dig. col. 3126; *New Orleans M. & C. R. R. Co. v. Dunn,* 51 Ala. 128; *Turner v. Cruzen,* 70 Iowa, 222, 30 N. W. 483; *Moore v. Held,* 73 Iowa, 538, 35 N. W. 623.

The demurrer in this case on the ground of the absence of the corporation as a party to the suit was distinctly made, and was sustained in term time, and the complainants, by not offering to amend, stood by their bill. There was thus no alternative left but to dismiss the bill, since "no court can adjudicate directly upon a person's right without the party being either actually or constructively before the court."—*Mallow v. Hinde,* 12 Wheat (U. S.) 130, 15 L. Ed. 158; 3 Brick. Dig. 373. As this point is decisive, and must result in the affirmance of the decree of the lower court, it is unnecessary to consider other matters in the case.

The decree of the lower court is therefore affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.