[Gillespie v. McClesky.]

# Gillespie *v.* McClesky.

## *Detinue.*

(Decided April 8, 1909.   Rehearing denied May 11, 1909.
49 South. 362.)

1. *Sheriff and Constable; Justification Under Process; Pleading.*—
When the sheriff seeks to justify the seizure of personal property
under legal process, the plea must show a process regular on its
face and issued by competent authority, and must describe it with
sufficient certainty to identify it, and if process is against a third
person, the plea must allege the ownership of the property to be in
such person, or allege its liability to the process.

2. *Attachment; Levy; Claim by Third Person; Detinue.*—A plea
justifying seizure of personal property under process does not set
up several distinct defenses where it sets up several different writs
of attachment under which the property is held, since if the sheriff
holds under any one of the attachments properly, the property may
not be taken from him.

3. *Same.*—Where the property is seized by a sheriff under writs
of attachment and is claimed by the plaintiff in detinue under a
mortgage, such plaintiff in such action cannot raise the question of
the duty of the sheriff to first exhaust the goods of the debtor not
subject to the mortgage.

4. *Same; Issues; Instruction.*—It was not erroneous to charge
that there were two forms of verdict and to direct the jury to find
a verdict according to the one or other of the forms where it ap-
peared that the entire property was levied on in each attachment
and there was no rule by which it could be ascertanied that any dif-
ferent or distinct part of the goods was liable to one and not to
the other attachment, since the jury could be required only to say
whether the sheriff was entitled to retain the property and could not
be required to find which attachment authorized him to hold it.

5. *Landlord and Tenant; Lien for Rent.*—Where one comes in as
a tenant and succeeds another with full knowledge that rents are
due, the landlord does not lose his lien by forbearing to enforce a
note given to pay back rent by the incoming tenant who received a
credit therefor on the purchase price of the goods bought from the
outgoing tenant, because the oncoming tenant gives his note for the
same and the landlord forbears to enforce it for his accommodation.

6. *Same; Lien; Notice.*—Notice of the tenancy reserves the land-
lord's lien against the purchaser from a tenant although there was
no actual notice of rent due.

7. *Same.*—Where a stock of goods in a leased building was trans-
ferred by the tenant who at the time stated that the same was in the
landlord's building, and the rent that was being paid for the same

19—160

[Gillespie v. McClesky.]

and the buyer gave a note to the landlord for the rent then due and received credit therefor, on the price paid for the purchase, such note will be considered as rent due so as not to destroy the landlord's lien for rent, which was superior to a mortgage on the stock of goods.

8. *Liens; Priority; Mortgage; Rent.*—A did business and kept a stock of goods on premises rented from B. C bought A's business and stock and executed a note to B, as part of the purchase price for $500.00 back rent. C sold the business to D before the $500.00 was paid. Under an agreement between B and C and D, D gave his note to B for $500.00. On the following day D gave a mortgage to secure the purchase price paid for the business and stock. Held, the lien of the landlord for back rent was superior to the mortgage, since the property always enjoyed the protection of the landlord's building from the time of the first renting to the last.

9. *Mortgage; Stock of Goods; Validity.*—Where a mortgage is taken on a stock of merchandise with the understanding either express or implied that the mortgagor is to continue in business in charge of the stock necessarily disposing of goods from time to time, such mortgage is fraudulent and void as to present and subsequent creditors of the mortgagor.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action in detinue by W. H. Gillespie against A. F. McCleskey, for goods held by defendant, as sheriff, by virtue of writs of attachment. From a judgment for defendant, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The following pleas were filed by the defendant: (3) "That on the 12th day of May, 1906, the defendant, as sheriff of Colbert county, levied on the property sued for in this case as the property of E. R. Nelles, under and by virtue of three writs of attachment issued out of the circuit court of said county by J. H. Simpson, clerk of said court; one of said attachments being in favor of the Merchants' Bank, a corporation, for the sum of $740, one in favor of E. L. Bickley for $450, and one in favor of E. L. Bickley for $232.20—and that he, as sheriff, holds such property under and by virtue of said writs of attachment and levies thereunder. That said attachment in favor of E. L. Bickley are for rent of the house in which said goods are situated, and said Bickley

has and claims a lien on said property for the amount of $782.20, and that said goods are now and were in the house owned by said E. L. Bickley, and that said rent is due and unpaid, and that said Bickley has a lien for rent on said property for said amount, and said property is subject to said attachment in favor of E. L. Bickley. That this defendant does not hold the property sued for individually, but as sheriff of said county, under and by virtue of the writs and levies as above set forth." (4) Same as 3, down to and including the words ' clerk of said court," and adds: "That both of said attachments are in favor of E. L. Bickley, one for $540 and the other for $242.20, and that he, the defendant, as such sheriff, levied upon and held such property as the property of E. R. Nelles, defendant in the attachment, under and by virtue of such attachment and the levies thereunder. That said property was in the storehouse of E. L. Bickley, and that the said E. L. Bickley had a landlord's lien on said property for the rent aforesaid at the date of said levy, and said goods were in the storehouse of said E. L. Bickley, and owned by the said E. L. Bickley, and stored there, at the date of said levy of said attachment, and had never been elsewhere from the date of their purchase by said E. R. Nelles, and had enjoyed the protection of the same without the payment of the rent to said E. L. Bickley, and that said rent was due and unpaid, and said goods were liable for the payment of said rent." (5) Same as 3 and 4 except that it alleges that Bickley's lien is superior to all except those for taxes, and alleges the further fact that Bickley recovered of Nelles in the circuit court of Colbert county on the 21st day of June, 1906, two judgments for the rent of said storehouse in which said goods were and had been situated, one for $605.11 and the other for $244.64, together with the costs. The sixth plea is similar in all respects to the third plea.

The following charges were requested by the plaintiff and refused: (1) "If the jury believe from the evidence that the consideration for the $500 note, or of the two notes of $250 each, if two notes were given, was the $500 note due by Webb to Bickley, then your verdict should be for the plaintiff." (2) "If the jury believe from the evidence that Webb owed Bickley a $500 note, and that that was the consideration for the note or notes executed by Gillespie to Bickley, then your verdict should be for the plaintiff." (4) "If the jury believe from the evidence that the consideration for Gillespie's note of $500 to Bickley, which was assumed by Mr. Nelless, was a $500 note which Bickley held against Webb, and had marked 'Paid,' and had given to Mr. Rather, then your verdict should be for the plaintiff." (5) "Under the law governing this case, plaintiff's title to the property is superior to the attachment of E. L. Bickley for rent accruing after Nelles bought the stock of goods, and is also superior to the attachment claims of the Merchants' Bank; and if you believe from the evidence that the consideration for the note or notes given by Gillespie to Bickley was a debt of that amount which Webb owed Bickley, then your verdict should be for the plaintiff." (6) Affirmative charge for the plaintiff. (7) "If the jury believe from the evidence that the goods attached and sold by the sheriff were sufficient to pay the rent which accrued after Nelles purchased the stock of goods, then plaintiff's claim to the property is superior to the claims for rent which accrued after Nelles bought the goods; and if you further find from the evidence that the consideration for the note made by Gillespie to Bickley was a $500 Webb note, which Bickley marked 'Paid' and gave to Rather, then your verdict should be for the plaintiff." (8) "If the jury believe from the evidence that the note of $500, or the two notes,

if two notes were given, included a debt which Webb owed Bickley then your verdict should be for the plaintiff as to the attachment on the note."

KIRK, CARMICHAEL & RATHER, for appellant.—The court should have sustained the demurrers to pleas 3 to 9, inclusive.—*Daniel v. Hardwick,* 88 Ala. 557; *West v. Hayes,* 120 Ala. 97; *Armstead v. Thompson,* 91 Ala. 130; *Harrison v. Davis,* 2 Stew. 350. The pleas justifying under Bickley's claim for rent, fails to show the relation of landlord and tenant.—*Burgess v. American M. Co.,* 115 Ala. 468; *Staggs v. Worthington,* 56 Ala. 225. Charges 1, 2, 4 and 5 should have been given.—*Glass v. Tisdale,* 106 Ala. 581; *Bingham v. Vandegrift,* 93 Ala. 283; *Adkins v. Bynum,* 109 Ala. 281. The landlord's lien is an incident to and attaches only where there is a contract of writing in existence.—*Shafer v. Stovall,* 67 Ala. 237. If Gillespie's evidence is true Bickley had no lien on the goods for the amount of the note.—24 Cyc. 1266, and 1273; *Brown v. Hamill,* 76 Ala. 506; 114 Pa. St. 58. Counsel discuss charges given at the instance of the defendant but without citation of authority.

W. P. & W. L. CHITWOOD, for appellee.—Pleas 4 and 5 offer a complete defense.—*Andrews Mfg. Co. v. Porter,* 112 Ala. 384; *Scott v. Renfroe,* 106 Ala. 611; *Abraham v. Nicrosi,* 87 Ala. 173; Sec. 2716, Code 1896. The court properly overruled demurrers to rejoinders 7 and 8.—*McCrory v. Guyton,* 45 South. 658; *Couch v. Davidson,* 109 Ala. 313; 4 Mayf. Secs. 204 and 229. Counsel discuss the charges given and refused, but without sitation of authority.

SIMPSON, J.—This action (of detinue) was brought by the appellant against the appellee, as sheriff, to recover certain goods which had been levied on under two

[Gillespie v. McClesky.]

writs of attachment in favor of E. L. Bickley, who claimed the amounts sued for as due for rent by his tenant, Nelles—one being for back rents, hereinafter referred to, and the other for rents admitted to be due by Nelles.   Bickley was the landlord, owning a certain store building in Tuscumbia. used as a drug store.   The building was first occupied by Webb, and then by Galloway, who sold out the drug business to plaintiff; and, in giving his notes for the purchase of the stock of goods, plaintiff's note for $500 was given to Bickley on account of that amount of rent which was then due by Galloway, and it was stated in the face of the note that it was for back rent.   In other words, while, as insisted by the appellant, this note was, as between plaintiff and said Galloway, a part of the purchase money of the stock of goods, yet, as between him and Bickley, it was an assumption by plaintiff of the amount of $500 due by his predecessors for rent.   Subsequently the plaintiff sold out the stock of goods to Nelles (who is the defendant in attachment), and Gillespie says: "I suggested to Nelles to see Bickley and make the same arrangements to carry this note on, and Nelles assumed the debt"—said $500 note being still unpaid.   So, under an arrangement between plaintiff, Bickley, and Nelles, said Nelles assumed the payment of said amount of $500 to said Bickley and executed to him his note therefor.

Plaintiff, in testifying, says that he did not assume this note as rent, but did assume it as a rent note, and that on Bickley's statement he assumed it as rent. Plaintiff also says that he did not tell Nelles, when he assumed the payment of said $500 to Bickley, that it was a rent debt, though he presumed that Nelles assumed it as a rent debt.   Nelles says that he was informed that it was a rent debt, and the note states that it is "for rent of the storehouse past due."   The attach-

ment was against Nelles, and the plaintiff claims that his title, by virtue of a mortgage on the goods given to him by Nelles, when he sold to him, is superior to the suit by said landlord (Bickley) to enforce his lien on the goods. The sheriff had in his hands, also, another attachment against Nelles, in favor of the Merchants' Bank; and he justifies his right to hold the property on these attachments. It is true that, "when the sheriff justifies the seizure of personal property under legal process, the plea must show a process regular on its face, and issued by competent authority, and must describe it with certainty and particularity sufficient to identify it, and, if the process is against any third person, must allege his ownership of the property, or its liability to the process."—*Daniel v. Hardwick*, 88 Ala. 557, 7 South. 188; *West v. Hayes*, 120 Ala. 97, 23 South. 727, 74 Am. St. Rep. 24; *Olmstead v. Thompson*, 91 Ala. 130, 8 South. 755.

Appellant insists that pleas 3, 4 and 5 are subject to the demurrer, because they do not allege that the ownership of the property is in Nelles. The alternative clause of the above quotation seems to have been overlooked. The pleas do allege that the property is subject to the process. There was no error in overruling the demurrer to said pleas.

The statement, in plea 6, of the several different writs of attachment under which the defendant held the property, is not setting up several distinct defenses. If he was authorized to hold the property under either attachment, it could not be taken from him in an action of detinue. As before stated, it was not necessary to allege ownership in the property, but only that the property was subject to the process.

There was no error in sustaining the objection to the question to the witness Gillespie as to whether there

[Gillespie v. McClesky.]

were other goods in the store, not covered by the mortgage, and which were levied upon. This suit relates only to the goods claimed to be covered by the mortgage, and, if the idea of plaintiff's counsel was to compel the sheriff to first exhaust the goods not subject to his mortgage, this is not the proper proceeding to raise that question.

The next assignment argued by the appellant, numbered 54, is that the court erred in that part of the oral charge that "there were two forms of verdict," etc. It is insisted by appellant that this means that the jury could not find any other verdict than according to one or the other of said forms, and that, as there were several attachments in the hands of the officer, one of which was not for rent, the jury should have been left free to return a verdict "justifying the defendant under the attachment for rent, and against him as to the other attachment." While it is true that, if the evidence shows that the plaintiff is entitled to recover only a distinct part of the property claimed, a verdict may be rendered only for that part, yet in this case the entire property was levied on in each attachment, and there is no rule by which it could be ascertained that any distinct part was liable to one, and not to the other. The jury could be required only to say whether the defendant was entitled to retain the property, and not which attachment authorized him to hold it. There was no error in this part of the oral charge.

Charges 1, 2, 4 and 5, requested by the plaintiff, were properly refused. The fact that the notes from Gillespie to Galloway, and from Nelles to Gillespie, as between them, constituted a part of the purchase money for the stock of goods, does not interfere with the other fact (which is clearly shown by the evidence) that, as between said parties and Bickley, each successive purchaser assumed the payment of the back rent. Even if

no new note had been given for it, and the parties had simply bought the stock with knowledge that said rent was due and unpaid, the goods would have been liable for it. It would be a strange travesty on the landlord's lien law to hold that a party coming in as a tenant, succeeding another with full knowledge that rents were due, should be relieved from paying the same simply because he executed his own note to pay the same, and received a credit on the purchase money due to the outgoing tenant for doing so, or that the landlord should lose his lien by forbearing to enforce it for the accommodation of the incoming tenant.

It is next insisted by the appellant that, as to the second attachment, which is for rents due by Nelles during his tenancy, plaintiff's mortgage is superior to the landlord's lien, because it was made before the tenancy of Nelles began. If it were necessary to make nice distinctions, the tenancy of Nelles began as soon as the stock of goods was turned over to him, and he could not make the mortgage on them until they were his, so that the tenancy would seem to necesarily precede the mortgage. The record alo shows that Nelles made his note to Bickley for the past-due rent one day before the date of the mortgage. But the utmost that can be claimed by the appellant is that the acts were simultaneous. The agreement between Gillespie, Nelles, and Bickley was that Nelles should step into the shoes of Gillespie, and continue to hold the property just as Gillespie had done, and Gillespie could not, in the very act of turning the goods over to Nelles, so incumber them as to claim priority to the landlord's lien. This has no analogy to the cases where parties have held in good faith mortgages on property which was afterwards placed in the house of the landlord. There never was a time when this property did not enjoy the protection of the house of the

landlord, from the time the first renting was made until the last. From what has been said, it results that charges 3, 6, 7, and 8, requested by the plaintiff, were properly refused. There was no error in giving the charges requested by the defendant.

The points argued by the appellant and the appellee have been followed but there is another principle, which is brought out by some of the pleadings, but not specifically argued by either counsel, which, irrespective of what has been said, is conclusive to the affirmance of the case, and that is that a mortgage on a stock of merchandise, with the understanding, either expressed or implied, that the mortgagor is to continue in business, necessarily disposing of the goods from time to time, is fraudulent and void as to creditors, both present and subsequent.—*Roden & Co. v. Norton & Co.,* 128 Ala. 129, 135, 29 South. 637; *Cross, et al. v. Berry, Demoville & Co.,* 132 Ala. 92, 31 South. 36. This does not apply to fixtures covered by the mortgage.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.


## On Rehearing.


PER CURIAM.—Counsel in the application for rehearing insist that the $500 note due Bickley cannot be considered as rent, because, at the time Galloway bought the stock of goods from Webb, the matter of the back rent due by Webb was not brought to his attention, and no note was given for the same until some time afterward. There is no dispute about the facts that said note which was renewed from time to time by the parties, was in fact for the rent which was due to Bickley, and that, at the time Galloway purchased the stock of goods,

it was in the building belonging to Bickley. The written transfer of the stock of goods to Galloway states that it was in Bickley's building, and Galloway states that Webb told him what rent he was paying to Bickley. The decisions of this court are numerous and clear to the point that notice of the tenancy, without any actual notice of rent due, is sufficient to preserve the landlord's lien, as against a purchaser from the tenant.— *Lomax v. LeGrand & Co.,* 60 Ala. 537, 544; *Aderhold v. Blumenthal & Bickert,* 95 Ala. 66, 69, 10 South. 230; *Weil v. McWhorter,* 94 Ala. 540, 543, 131; *Scott v. Renfro,* 106 Ala. 611, 14 South. 556. So the fact that the note was not given for it until afterward did not interfere with the fact that the landlord's lien was continuous on the goods.

It is next insisted that, under the decision in the case of *Adkins v. Bynum,* 109 Ala. 281, 19 South. 400, the mortgage on the stock of merchandise, being for purchase money, was not fraudulent and void as to creditors. A reference to that case will show, first, that under the mortgage in that case the mortgagee was "to sell the goods and apply the proceeds realized therefrom from time to time as payment on the mortgage;" and, second, that the mortgage was for the entire amount of the purchase money. In the case now under consideration, besides the fact that there was no provision for appropriating the proceeds of sale to the payment of the mortgage debt, the goods were sold for $5,200, and the mortgage was for only $2,531.53; and it is shown by the testimony of W. H. Gillespie that the balance was paid in cash and the asumption of the Bickley note. Without affirming or denying the correctness of that decision, it is not applicable to the present case. in which there was evidently, over and above the mortgage debt, goods subject to the Bickley debt more than

sufficient to satisfy it; and it cannot be said that the creditor had no right to subject the property to the payment of his debt. The case of *Comer v. Sheehan,* 74 Ala. 452, is not analagous to this case, in that the tenant paid his rent to the landlord by assuming and securing a debt by the landlord to another party, and the landlord was discharged from his obligation. Of course, that was as effectually a payment of the rent due the landlord as if he had handed him the money. The court simply decided that the plaintiff, who claimed that the rent was due to him because he had become the owner of the premises by purchase at the mortgage sale, could not recover because the rent had been paid by the tenant to the landlord.

