189 So. 559

**ALABAMA POWER CO. v. CITY OF SCOTTSBORO et al.**

**8 Div. 972.**

Supreme Court of Alabama.

May 25, 1939.

D. P. Wimberly, of Scottsboro, and Martin, Turner & McWhorter, of Birmingham, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellees.

KNIGHT, Justice.

This case is here on appeal from a final decree of the Circuit Court of Jackson County, sustaining the demurrer of the respondents, the City of Scottsboro and others, to the bill of complaint as last amended, and the dismissal of the same. By this decree the complainant was taxed with the cost of the suit, thus finally disposing of the case in the circuit court.

It appears from the record that the respondents had filed a demurrer to the original bill of complaint, and, among the grounds assigned, was one challenging the completeness of the bill on account of the omission of a footnote thereto. One or more of the grounds assigned challenged the equity of the bill.

The court sustained the demurrer of respondents without intimating upon what particular ground of demurrer its action was predicated. This interlocutory decree was rendered on February 3rd, 1939. By this decree the complainant was allowed thirty days from the date thereof within which to amend its bill of complaint as it might be advised, and further providing that if not amended within that time, the bill "shall stand dismissed at the cost of the complainant, for which execution may issue."

On March 1st, 1939, the complainant filed an amendment to its bill. This amendment, however, did not undertake to cure the defect in the bill due to the omission of the footnote.

To the bill as amended the respondents refiled the demurrer theretofore filed to the original bill, one of the grounds of which again challenged the completeness of the bill on account of the omission of a footnote.

On March 8, 1939, the cause was submitted, in term time, in open court upon the demurrer to the bill as amended, and

the court again sustained the same, but without designating any particular ground upon which it sustained the demurrer. In this decree, after sustaining the demurrer, the court proceeded to dismiss the bill, and taxed the complainant with the cost.

■ The record fails to show that the complainant made any request of the court to be allowed to further amend its bill. Thus it is made to appear that the complainant was content to stand upon the bill as last amended. Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868.

■ In this jurisdiction the rules of practice obtaining in courts of equity, require that the complainant shall make a note in writing, at the bottom of the bill, as to the particular statements or interrogatories, by number, which he desires each defendant to answer, and this note shall be considered and treated as a part of the bill; and the "addition of any such note to such bill, or any alteration in or addition to such note, after the bill is filed, shall be treated as an amendment to the bill." Chancery Rules 10 and 11.

The footnote is necessary to the completeness of the bill as a whole, and is an essential part of the same. Without it, unless it is waived, the bill is subject to demurrer. To this effect has been the holding of this court for upward of seventy-five years. Winter v. Quarles' Adm'rs, 43 Ala. 692; O'Neal et al. v. Robinson, 45 Ala. 526; Alabama Warehouse Co. v. Jones et al., 62 Ala. 550; Ladd et al. v. Smith, Trustee, 107 Ala. 506, 18 So. 195; Wilkinson, Adm'r v. Bradley, Wilson & Co. et al., 54 Ala. 677–687; Snellings et al. v. Builders' Supply Co., 228 Ala. 47, 152 So. 459; Waites et al. v. First Nat'l. Bank of Wetumpka, 227 Ala. 684, 151 So. 847; Sims Chancery Practice, pp. 188 and 189, §§ 297, 298, 299, 300.

■ ■ The bill, as last amended, was therefore subject to the fourteenth ground of the respondents' demurrer, viz., that it contained no footnote, as required by the rules of equity pleading. This situation fully justified the decree sustaining the demurrer. And inasmuch as complainant made no request of the court to be allowed to further amend its bill, the court had no alternative left but to dismiss the same. It is unnecessary to consider the other grounds of demurrer to determine whether the bill was subject thereto or not. Gillespie et al. v. Gibbs et al., supra.

■ However, as the ground of demurrer for lack of a footnote went to the form of the bill and not its merits, the order of dismissal will be corrected so as to make the dismissal without prejudice. And the decree, as corrected, will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.