60 So.2d 676

**MITCHELL v. CONWAY et al.**

I Div. 412.

Supreme Court of Alabama.

Oct. 9, 1952.

Caffey, Gallalee & Caffey, Mobile, for appellant.

650

Inge, Twitty, Armbrecht & Jackson, Mobile, for appellee Conway.

FOSTER, Justice.

This is an appeal from a decree of the Circuit Court, in Equity, of Mobile County sustaining the demurrers to the bill of complaint as amended and dismissing the bill.

The bill as amended alleges that a contract of conditional sale of a mercantile business was made to one Gross by Conway and Halladay, providing for the purchase price of $9,000, of which $3,500 is declared in it to be then paid, leaving a balance of the purchase price to be paid of $5,500, payable in installments of $50 each Wednesday until said sum is paid. It also grants to the purchaser the right to immediate and continuous possession of said business, consisting of merchandise, furniture and fixtures, and to operate the same as long as

he shall not be in default. It does not require him to pay to the seller the proceeds of the sale of merchandise, nor does it create a trust for him in such proceeds. Under the contract the purchaser has complete control and dominion of the proceeds to do with as he sees fit. His weekly payments are not required to be made out of such proceeds. Default was made April 1, 1949, the contract being dated November 2, 1948.

Upon default Conway (Halladay not participating) seized the business and goods and sold them to complainant for $4,606.53, of which $2,700 was for the stock of goods and the balance for store furniture and fixtures. Conway warranted the property to be free from liens and clear of all claims of creditors of Gross, the purchaser. Complainant gave his note to Conway for $4,606.53, payable one week after date for the agreed price. Complainant has brought that amount, with interest, into court. He alleges that there are creditors of Gross, some known to him and made parties, and some unknown whom he seeks to have ascertained and brought in, alleging that such creditors claim a right to subject said stock of merchandise because the condition is not operative as to them on account of fraud upon them, in that it confers on Gross the right to sell and dispose of it without using it either to pay his creditors or the purchase price and, therefore, confers on Gross a use for his personal benefit in derogation of the rights of his creditors.

The bill seeks to have the court ascertain whether those creditors of Gross are entitled to look to said stock of goods or their proceeds or to complainant on account of his purchase of same, and if they are found to have such claim that they be paid out of the fund so deposited, and that Conway be required to save complainant harmless on account of his purchase of said property.

The alleged creditors, parties to the bill, filed answer making claim for definite amounts against complainant on account of the transaction. Conway filed answer and demurrer. There was a submission on said demurrer which was sustained and the bill dismissed. From that decree this appeal was taken.

The theory on which the demurrer was sustained, as we judge from the argument, is that since the consideration for the conditional sale contract was the purchase price of the goods sold, the creditors cannot successfully subject the stock of goods to the payment of their claim on the idea that the condition in the sale was void as to such creditors because the purchaser was given unlimited power to sell and dispose of the goods in due course of business and no requirement was made that the proceeds of the sales should be held in trust and paid to the seller. The reason thus put forth is that such principle does not apply to conditional sales because the purchaser did not own or acquire an interest in the property which could be subjected to such creditors' claim and, therefore, they had no rights in it which could be affected by the power of disposition given to the purchaser by the seller.

That theory recognizes the principle that a mortgage of a stock of goods given by its owner as security for a debt, by which he was permitted to remain in possession and carry on the business in regular course of trade for his own benefit, is thereby made in trust for his own use and therefore fraudulent and void as to his existing and subsequent creditors. Title 20, section 1, Code 1940; O'Neil v. Birmingham Brewing Co., 101 Ala. 383, 388, 13 So. 576; Howell v. Carden, 99 Ala. 100, 10 So. 650; Gillespie v. McClesky, 160 Ala. 289, 49 So. 362; Farmers' State Bank v. Kirkland & Brackin, 200 Ala. 146, 75 So. 894; Gray & Dudley Hardware Co. v. Guthrie, 200 Ala. 6, 75 So. 318.

But it is contended that, although a conditional sale contract is in equity in the nature of a mortgage, the above principle does not apply when the debtor or purchaser by the transaction acquires no interest in the property except that which is pledged as security for the purchase price. When the purchaser does not have or acquire an interest subject to the payment of his general debts, his creditors have no ground to complain. That principle was first declared, and so reasoned, in Adkins v. Bynum, 109 Ala. 281, 19 So. 400. The reasoning was compared with a disposi-

tion by a debtor of property exempt by law from the payment of his debts.

This theory has been consistently followed, although some doubt was cast upon it as an exception to the general rule in the case of Gillespie v. McClesky, supra. But that case has not been followed in that respect. Card Lumber Co. v. Ozement, 187 Ala. 237, 65 So. 792; Glass v. Tisdale, 106 Ala. 581, 19 So. 70; Southern Alabama Oil & Fertilizer Co. v. Garner, 112 Ala. 447, 20 So. 628; Stanley v. Johnson, 113 Ala. 344, 21 So. 823; Builders' & Painters' Supply Co. v. First National Bank, 123 Ala. 203, 219, 26 So. 311; Cox v. Birmingham Dry Goods Co., 125 Ala. 320, 28 So. 456; Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12.

The reasoning on which such theory is based is the fact that the mortgagor did not own an interest in the property mortgaged, which was subject to the payment of his debts had the mortgage not been given. Appellant claims that if in the purchase of the property the mortgagor paid in cash a substantial portion of the purchase price, and gave his mortgage on all of it to secure the balance, he thereby acquired an interest, the purchase price of which is not included in the mortgage debt, for he is including in the mortgage an interest in property whose purchase price has been paid.

In Adkins v. Bynum, supra, which is alleged to have been the first case on the subject, the vital facts are stated to be that although the mortgagor was authorized to retain possession for sale and disposition on his own account, the mortgage given by him was to secure the payment of the purchase price of property presently sold to him and covering that property only, the sale and mortgage being contemporaneous and constituting one transaction. The mortgage was for the entire purchase price. An element of the right of creditors to subject such property in priority to the mortgage was declared to be a conveyance of property out of which the creditor could have realized his claim or some portion of it.

We believe that it would not be contended that the exception discussed in Adkins v. Bynum, supra, would apply if in the transaction the mortgagor bought various items of merchandise, each for a separate price and paid the purchase price of some but not the purchase price of other items, and gave a mortgage on all items to secure the price of those not paid for. As to those items which he then and there paid for, the situation would be the same as though he had previously owned them, and the mortgage would be void on the claim of other creditors when the other conditions exist. Under those circumstances each item, separately priced, would be a separate transaction.

It is true, as we will show, that a conditional sale of personal property, when a part of the purchase price has been paid, creates an interest subject in equity to be condemned to pay the debts of the purchaser, but not to sale on execution. Section 519, Title 7, Code, section 7806, Code of 1923 provides that an execution may be levied on an equity of redemption in either land or personal property. This has existed since the Code of 1852. Prior to that statute, it was not subject to levy and sale. This refers to mortgages which imply an equity of redemption. That is not the status of a conditional sale. But if such a sale provides for the possession by the purchaser until default, he has until default a special property interest which may be sold under execution, but not after default. This seems to mean that only the possessory right until default may be sold. For then the purchaser does not possess an equity of redemption. Moody v. United States Fidelity & Guaranty Co., 223 Ala. 507, 137 So. 308. But it is said in Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280, that if the purchaser pays a part of the purchase price he acquires an equitable interest which a creditor may reach and subject in a court of equity. Bank of Opelika v. Kiser, 119 Ala. 194, 24 So. 11; Davis v. Griffin, 227 Ala. 390, 150 So. 326.

But when the purchase price of several items of property is a single lump sum, each item stands toward the whole as every other; and when the purchaser pays a part of such purchase price, he does not thereby relieve a proportionate interest in all the

items from the burden of such a purchase. So that a mortgage on all of the property to secure the unpaid balance of the purchase price of it all is a proper burden on all the items to the full extent of their value, not affected by any amount which may have been paid on it. Therefore, the interest which the purchaser acquires by his payment of a part of the purchase price and which may be subjected in equity to the payment of his debts still may be burdened primarily with the payment of the unpaid balance of the purchase price.

Card Lumber Co. v. Ozement, 187 Ala. 237, 65 So. 792, is a case directly applicable, although that point was not discussed in it. The facts of that case were that a deed was made by complainant to one Mills conveying timber rights in certain land, reserving a lien on the timber and on logs taken from it as security for the payment of the notes amounting to $3,000, representing the amount of the purchase price then unpaid out of a total of $4,000, of which $1,000 was paid in cash. The controversy was with a trustee in bankruptcy of Mills who claimed that the right given the purchaser to dispose of the timber as he saw fit, on the principle here referred to, rendered ineffectual the lien reserved in the deed as to the creditors of Mills represented by his trustee in bankruptcy. The Court observed that the exact question was decided in Adkins v. Bynum, supra, and against the contention of the creditors. The only theory upon which that result could be reached is that the payment of $1,000 on the lump sum of $4,000 as the purchase price of the timber does not create such an interest for the benefit of the creditors of Mills as would supersede the right of the seller to reserve a lien in the deed upon the entire interest in the timber which was sold: the lien being to secure the unpaid balance.

If the contention of the complainant in the instant case is a correct theory of the situation, it would have resulted in a holding in the Ozement case, supra, that a fourth interest in the timber purchased thereby became subject to the payment of his debts and that the grantor had no right

to reserve a superior lien upon that interest to secure the unpaid balance of the purchase money.

We must accept the Ozement case as authoritative as far as this case is concerned. We could not sustain the view of complainant without overruling that case, although the theory of complainant's contention was not discussed or even mentioned in it. But we are not prepared to say that it is unsound.

It is not the same as where various items are sold in one transaction, where there is a separate consideration named for each such item, and where the purchase price of some of those items is paid in full leaving unpaid the purchase price of others.

■ It results from the foregoing that the complainant in this case has not made a showing that the creditors of Gross have any legal or equitable right to subject to the payment of their debts any interest in the stock of merchandise which Conway had sold to Gross and later took back from him and sold to complainant.

■ In view of the argument of counsel, we wish to make the following observations as to some principles well settled by our cases. One standing in the status of a surety for the payment of a debt due primarily by defendant, even before he pays the debt but after it becomes due, has the right to require the one primarily liable in so far as complainant is concerned to exonerate him either by paying the debt or securing complainant against loss. This right is not dependent upon a status which creates the technical relation of principal and surety. For if the property of one is subject to the payment of a claim which a third person is primarily bound to discharge, the principle applies. West Huntsville Cotton Mills Co. v. Alter, 164 Ala. 305, 51 So. 338; Hawkins v. Holman, 239 Ala. 541, 195 So. 880; Ex parte R. A. Brown & Co., 240 Ala. 157, 198 So. 138, and the numerous cases cited in them.

The equity of the bill cannot be supported, as appellant contends, on the theory that in the absence of fraud the transaction created a trust in favor of Gross and for

his use and, therefore, void as to his creditors under section 1, Title 20, Code. There must be an element of fraud involved, working to the detriment of creditors if allowed to stand as set up.

 A mortgage by its very nature reserves in the mortgagor an interest in the property (to redeem it), and sometimes to use it until maturity. But it is not void under section 1, Title 20, if there "is a 'bona fide appropriation of property to secure a debt honestly due. If any part of the purpose of the parties thereto is that it shall avail or be used for the ease or favor of the grantor, it is void as to his creditors.'" Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239; Howell v. Carden, 99 Ala. 100, 10 So. 640; Reynolds v. Crook, 31 Ala. 634.

"The courts cannot pronounce a recorded mortgage of personal property void, as against unsecured creditors, merely because the mortgagor is left in possession; for the law permits that to be done, the recording being regarded as a substitute for a change of possession." Howell v. Carden, supra, 99 Ala. at pages 108–109, 10 So. at page 644; Rike v. Ryan, 147 Ala. 497, 41 So. 959.

For like reason, a recorded conditional sale contract of personal property, whereby the purchaser acquires the right to use it until default, is not such a use as to create a trust under section 1, Title 20, Code, unless there is some circumstance of fraud. Section 131, Title 47, Code.

There is therefore no equity in the bill in respect to Conway and his demurrer was properly sustained.

Upon sustaining the demurrer the trial court dismissed the bill without giving the complainant the right to amend. The decree does not recite the fact that it was rendered at a session of court in which the cause was regularly called, and in which presumptively the parties, by their attorneys, were present in court. The rule in that connection is that a bill should not be dismissed on sustaining the demurrer to it without giving the complainant an opportunity to amend, unless either the decree was rendered at a sitting of court when the parties are presumed to be present and it does not appear that complainant asked for the privilege of amending, or unless there appears upon the allegations of the complaint that it could not be reasonably thought subject to amendment that would give it equity. Alabama Power Co. v. Scottsboro, 238 Ala. 75, 189 So. 559; Allison v. Cody, 209 Ala. 124, 95 So. 286; Mohon v. Tatum, 69 Ala. 466; Little v. Snedecor, 52 Ala. 167.

To sustain the ruling of the trial court, this Court will presume that the decree was rendered at a session of that court and that complainant knew of it and did not offer to amend. Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857; Ex parte Robinson, 244 Ala. 313, 13 So.2d 402 (7 and 8); West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; Caudle v. Cotton, 234 Ala. 126, 173 So. 847.

The decree of the circuit court, in equity, is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.