# Bluthenthal & Bickart *v.* Magnus.

## *Trial of Right of Property.*

1. *Fraudulent conveyance, reservation of benefit.*—Although two instruments are executed on the same day by which a debtor sells to his creditor all his stock of goods in payment of a debt, and the former is authorized to sell the goods as agent of the latter and pay him the proceeds less expenses, there is no reservation of benefit to the debtor when there is no agreement to pay him for his services.

2. *Subsequent creditor cannot complain of want of consideration for conveyance when there is no fraud* —In the absence of proof of intent to defraud subsequent creditors, they cannot complain that the consideration for the sale of property of the debtor is not proven by clear and convincing evidence.

APPEAL from City Court of Anniston.

Tried before Hon. B. F. CASSADY.

Bluthenthal & Bickart commenced suit against David Wurtzburger by attachment which was leved on a stock of

[Bluthenthal & Bickart v. Magnus.]

goods to which Joe A. Magnus interposed a claim. On the trial it was shown that Wurtzburger was at the time of the levy in possession of the goods, but stated to the sheriff that they belonged to Magnus.

Plaintiff introduced two instruments of writing executed the same day which are as follows: "This agreement made and entered into this 30th day of April, A. D. 1891, by and between David Wurtzburger, party of the first part, and J. A. Magnus, party of the second part, witnesseth: That party of the second part has this day consigned and delivered to the party of the first part the goods, wares, and merchandise, fixtures and glassware in the storehouse heretofore occupied by party of the first part and numbered 103, Tenth Street, in the City of Anniston, Ala. To be sold by party of the first part under his license as a retail dealer, for and on account of party of the second part, and the proceeds of such sales to be deposited each day in the bank of Anniston Loan & Trust Company, to the credit of the paty of the second part; the party of the first part reserving to himself a sufficient amount to cover necessary expenses of said business, a statement of which said expenses shall be rendered to party of second part, from time to time, as requested."

2. "This indenture, made and entered into this 30th day of April, A. D. 1891, by and between David Wurtzburger, party of the first part, and J. A. Magnus, party of the second part, witnesseth, that whereas the party of the first part is justly indebted unto the party of the second part, in the sum of nineteen hundred and thirty-one, and forty-eight-one hundredths dollars, which is now due: Now, therefore, in full payment and satisfaction of said indebtedness, the party of the first part has this day bargained and sold, and does by these presents hereby grant, bargain, sell and convey unto the party of the second part, all the goods, wares, merchandise, fixtures, and glasswares now owned by party of the first part in the storehouse No. 103, Tenth Street, in the City of Anniston, Ala., a full list of which is hereto attached, marked "Exhibit A," and made a part hereof. Said goods have been this day delivered by party of the first part in full satisfaction of said indebtedness, as above stated."

The other facts sufficiently appear from the opinion.

McLeod & Tunstall, for appellant, insisted that the transfer was void for the reservation of an interest, citing *Myer v. Conway*, 90 Ala. 109; *Joseph v. Hulse*, 21 N. Y. 168; *Stevens v. Registein*, 89 Ala. 561; *McDonald v. Steele*, 87 Ala. 497; *Pritchett v. Pollock*, 82 Ala. 173, and other cases.

KNOX, BOWIE & PELHAM, for appellee, cited *Benedict v. Renfro*, 75 Ala. 129; *Conklin v. Shelly*, 28 N. Y. 359; *Fisk v. Harshaw*, 45 Wis. 665; *Tickner v. Wiswall*, 9 Ala. 305; *Murray v. McNealy*, 86 Ala. 234.

HEAD, J.—It is clear that the bill of sale of David Wurtzburger to appellee, Magnus, and the power of attorney of Magnus to him to sell the goods for the account and benefit of Magnus, were executed, simultaneously, as part of one transaction, and must be read together as one instrument. *Jenkins v. Harrison*, 66 Ala. 345. Thus read, their effect is that Wurtzburger sold the goods to Magnus and agreed to retain and sell the same for him and pay to him, or deposit in the designated bank to his credit, the proceeds, less the necessary expenses to be incurred in making the sales ; and in consideration thereof, Magnus discharged the indebtedness owing him by Wurtzburger. In such a transaction, there is no implication that Wurtzburger was to be paid for his services to be rendered in disposing of the goods; and, in this case, there is no evidence of any express agreement that he should be paid for the same. The evidence is to the contrary. The argument, therefore, that there was a benefit reserved to Wurtzburger in the form of an implied agreement to pay him for selling the goods, fails.

We find no evidence that the sale to Magnus was infected with an actually fraudulent intent on the part of either seller or buyer. It is true the evidence going to establish the debt which the goods were sold to pay, is not given with that clearness and fullness of detail usually required when such sales are attacked by existing creditors of the seller as fraudulent, but plaintiffs are not shown to have been existing creditors of Wurtzburger at the time of the sale in question. There is no evidence when their debt was created, and we can not ascribe to it an earlier creation than the day the attachment was sued out.

There being no evidence of a general intent to defraud creditors, plaintiffs being regarded as subsequent creditors, are not in a position to object to the general and indefinite nature of the proof of the consideration of the sale. Indeed, in such case, the burden is not upon the purchaser to prove the consideration at all.

We concur in the finding of the trial court, and its judgment is affirmed.

Affirmed.