---

### In re BEST.

(District Court, S. D. Alabama, S. D. March 19, 1918.)

#### No. 1841.

FRAUDULENT CONVEYANCES ⫐110(½)—MORTGAGES—VALIDITY.

Under Code Ala. 1907, § 4287, declaring that all deeds, conveyances, transfers, and assignments in trust for the use of the person making the same are void against creditors, and section 4293, declaring invalid all conveyances or assignments in writing or otherwise of any interest in real or personal property made with intent to hinder, delay, or defraud creditors, purchasers, or other persons, a mortgage of a mill and stock of logs and lumber made in consideration of advances to the mortgagor, which allowed the mortgagor to manufacture the logs on hand, dispose of the product, and after paying his expenses and retaining a weekly salary to purchase other logs for manufacture, which should be subject to the lien, is invalid as in fraud of creditors.

In Bankruptcy. In the matter of the bankruptcy of Hedley S. Best. On petition by the trustee in bankruptcy to review the order of the referee sustaining the priority of the claim of Albert D. Hanaw under a mortgage. Order reversed, and mortgage declared invalid.

Stevens, McCorvey & McLeod, of Mobile, Ala., for petitioner.
Palmer Pillans, of Mobile, Ala., for contestant.

ERVIN, District Judge. This matter comes on to be heard on a petition by the trustee of the bankrupt, Best, to review the finding and conclusion of the referee allowing the claim of Albert D. Hanaw as a prior claim under a mortgage given by the bankrupt to said Hanaw, and having been argued and submitted, it was held for consideration. The whole question depends upon the proper construction of the

---

mortgage itself and whether the provisions therein contained are in conflict with the provisions of the Alabama Code. The sections of the Code relied on by the trustee as invalidating this mortgage are sections 4287 and 4293. Section 4287 reads as follows:

"All deeds of gift, all conveyances, transfers, and assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, are void against creditors existing or subsequent."

Section 4293 reads as follows:

"All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void."

There are certain cases of the Alabama Supreme Court construing these sections, which are, it seems to me, conclusive of the question at issue The case of Benedict v. Renfro, 75 Ala. 121, 51 Am. Rep. 429, holds that where a party makes a mortgage on property, which he then has, and reserves the right of disposing of this property in such a way that the proceeds may be used for his own use and benefit, creditors may be so delayed in the collection of their debts, and this is such a fraud as renders this mortgage void. The case of Bluthenthal v. Magnus, 97 Ala. 530, 13 South. 7, holds that where goods are conveyed by one to another, and the purchaser is given the authority to sell the goods so conveyed, on an agreement that the proceeds, less necessary expense of making the sale, are to be deposited in a designated bank to the credit of the seller, this is not a fraudulent transaction where there is no implication that the purchaser is to be paid for his services in disposing of the goods. The case of Roden v. Norton, 128 Ala. 136, 29 South. 637, holds that where a mortgage is made by a merchant conveying a stock of goods then owned by him, and a paper is contemporaneously executed enabling the mortgagor to continue business and sell the goods and pay himself a wage for making such sales, at $50 a month, out of the proceeds, this is such a benefit to the mortgagor as invalidates the mortgage.

The case of Manchuria S. S. Co. v. Donald, 77 South. 12, after citing many cases, holds that where a mortgage is made to secure future advances, and the mortgagor has nothing at the time of making the mortgage which is then liable to be subjected by creditors, and that the only property which inures to the mortgagor is profits in a business to which the future advances are made, and such profits inure only through the making of such future advances, the fact that a salary may be paid out of the profits to the person conducting such business does not invalidate such mortgage, provided on a proper statement of the account it is ascertained that there would be nothing to the credit of the mortgagor should mortgagee be charged with the salary so paid to the mortgagor. There are a number of cases cited in the Donald Case, where property was conveyed to one by another and the purchaser given the right to sell the property, and it was held

that no creditor of the purchaser had a right to complain because the mortgagor, purchaser, never parted with anything out of which the creditor could have made his money; the goods sold, and for which the mortgage was given, having been those of the mortgagee and not those of the mortgagor. The Donald Case merely extends this principle, and I think the extension is correct in equity, because, as these cases put the proposition, there must be first a creditor to be defrauded, a debtor intending to defraud, and lastly a conveyance of property out of which the creditor could have realized his claim or some portion thereof.

The whole argument in these cases rests on the last proposition, and it was held in each of them that as there was never anything had by the debtor, mortgagor, which might have been subjected by his creditor, such creditor had no right to complain. Adkins v. Bynum, 109 Ala. 281, 19 South. 400. The Donald Case meets the proposition laid down in the Roden Case and inferentially decided in the Bluthenthal Case, namely, that the payment of a salary to the mortgagor was a benefit to him, by showing that, even if the salary paid were deducted, there still would be nothing left to the debtor out of which the creditor could make any portion of his money. That case affirms the statement of the general rule that a reservation by the mortgagor of an interest invalidates the mortgage.

The question here involves the correct application of the foregoing principles. The facts are that Best, who owned a small mill and stock of logs and some lumber which had been cut from logs, borrows money from Hanaw and executes to Hanaw a mortgage conveying to Hanaw such logs and lumber manufactured therefrom. The mortgage contains provisions requiring the placarding of the logs in the boom and the lumber on the yard as the property of Hanaw, which apparently was done. Other provisions required Best to keep an accurate account of his business transactions.

Other terms of the mortgage provide that Best may sell the manufactured product of the logs then on hand, and also the product to be manufactured, and reinvest in other logs, which are then to be manufactured, and it is provided that such other logs and the product therefrom, which are so purchased, shall become subject to the lien of this mortgage. It is further provided that Best may borrow money from banks to supply the necessities of his business, and that Hanaw will waive the pledging of the bills of lading for such manufactured product as Best may be then selling to the banks to secure such sums as may be loaned by the banks to Best. It is then provided that Best should be allowed $20 a week out of the profits of the manufactured product for his living expenses, and that he could also pay the operating expenses of the business out of such profits. It is also provided that, in carrying on the business of manufacturing the logs into lumber:

"It is distinctly understood and agreed that, during the period of time covered by this lien, Best shall manufacture the logs and sell the manufactured product solely as the agent of Hanaw, and have no right for or on behalf of or on account of himself."

There is no contention in the case that there was any express fraud on the part of any one. In fact both parties conceded that there was

not. The whole question is whether there was such a legal fraud in the terms of this mortgage as invalidated it, and this question depends upon which line of authorities apply to it. Applying the test of the three essentials above referred to, we find that Best owned, at the time he made the mortgage, property which his creditors may have subjected in part to the payment of their debts. We further find that the property which came into the custody of the bankrupt trustee was purchased in part at least with the proceeds of this property.

While it is true that Hanaw advanced money at the time he took the mortgage from Best, which money went into Best's business, and to that extent benefited the creditors of Best, still this money did not create the property Best then had, nor that he subsequently acquired, though it did in part supply the funds which paid for it. If the property which came into the hands of the trustee had been wholly the result or proceeds of the money which Hanaw advanced, then I think he would have come under the rule laid down in the Donald Case; but as the mortgage conveyed property which Best then owned, and gave to Best compensation for his services in managing the business and selling such property, I am reluctantly forced to conclude that the mortgage is invalid.